**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No. 3:17-cv-00643-FDW-DCK**

| | |
|---|---|
| ERIC KINSINGER and<br>DENISE KINSINGER,<br><br>Plaintiffs,<br><br>vs.<br><br>SMARTCORE, LLC;<br>SMARTCORE ELECTRIC, LLC;<br>SMARTCORE ELECTRICAL SERVICES, LLC;<br>SMARTCORE, LLC GROUP HEALTH<br>BENEFIT PLAN; JARED CRAFTON CROOK;<br>STEVEN MATTHEW GOOD; WILLIAM H.<br>WINN JR., STAR MARKETING AND<br>ADMINISTRATION, INC. d/b/a<br>STARMARK INC.; TRUSTMARK LIFE<br>INSURANCE COMPANY; and TRUSTMARK<br>INSURANCE COMPANY<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST AMENDED COMPLAINT**

PRELIMINARY STATEMENT[1]

Eric Kinsinger and Denise Kinsinger ("Plaintiffs") bring this ERISA action against SMARTCORE, LLC ("Defendant SmartCore"); SMARTCORE ELECTRIC, LLC ("Defendant SmartCore Electric"); SMARTCORE ELECTRICAL SERVICES, LLC ("Defendant SmartCore Electrical Services"); SMARTCORE, LLC GROUP HEALTH BENEFIT PLAN ("Plan"); JARED CRAFTON CROOK ("Defendant Crook"); STEVEN MATTHEW GOOD ("Defendant

[1]This Preliminary Statement gives a synopsis of Plaintiff's claims and is not intended as an allegation to be answered by Defendants.

Good"); WILLIAM H. WINN JR. ("Defendant Winn"); STAR MARKETING AND ADMINISTRATION, INC. d/b/a STARMARK INC. ("Defendant Starmark"); TRUSTMARK LIFE INSURANCE COMPANY ("Defendant Trustmark Life"); and TRUSTMARK INSURANCE COMPANY ("Defendant Trustmark") to secure all wages and interest on such wages owed to Plaintiff Eric Kinsinger, liquidated damages in an amount equal to Plaintiff Eric Kinsinger's back wages and interest owed, damages for breach of contract, and benefits under the terms of the Plan for all medical expenses incurred. Plaintiff Eric Kinsinger was a participant in the Plan because of his employment with Defendant SmartCore.

PARTIES

1. Plaintiffs Eric Kinsinger and Denise Kinsinger are citizens and residents of South Carolina.

2. Defendant SmartCore is a North Carolina limited liability company doing business in Mecklenburg County, North Carolina.

3. Defendant SmartCore Electric is a North Carolina limited liability company doing business in Mecklenburg County, North Carolina.

4. Defendant SmartCore Electrical Services is a North Carolina limited liability company doing business in Mecklenburg County, North Carolina.

5. The Plan is an employee welfare benefit plan organized and subject to ERISA, 29 U.S.C. §§ 1001, *et seq*. and the regulations promulgated thereunder. At all times pertinent to this action, Defendant SmartCore sponsored and maintained the Plan. SmartCore is the plan administrator for the Plan under ERISA because it is named as the plan administrator in the Plan or, alternatively, it is the employer sponsoring the Plan and therefore is the default plan administrator under ERISA § 3(16), 29 U.S.C. § 1002(16).

6. Defendant Crook is a citizen and resident of Gaston County, North Carolina.

7. Defendant Good is a citizen and resident of Mecklenburg County, North Carolina.

8. Defendant Winn is a citizen and resident of Mecklenburg County, North Carolina.

9. Defendant Starmark is a corporation doing business in Mecklenburg County, North Carolina.

10. Defendant Trustmark Life is a properly organized business entity doing business in the state of North Carolina.

11. Defendant Trustmark is a properly organized business entity doing business in the state of North Carolina.

JURISDICTION AND VENUE

12. This action is brought to recover unpaid wages pursuant to the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1, *et seq*.; breach of contract; to secure benefits due Plaintiffs under the Plan; to clarify Plaintiffs' rights under the Plan; on account of breaches of fiduciary duties owed to Plaintiffs and the Plan by Defendants SmartCore, SmartCore Electric, SmartCore Electrical Services, Crook, Good, and Winn ("Fiduciary Defendants"); and for other appropriate equitable relief.

13. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that Plaintiffs' claims arise under the laws of the United States. Specifically, Plaintiffs bring this action to secure benefits due under ERISA § 502, 29 U.S.C. § 1132; on account of breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, through ERISA § 502, 29 U.S.C. § 1132; and for other appropriate equitable relief under ERISA § 502, 29 U.S.C. § 1132. The Court should exercise its powers of supplemental jurisdiction over Plaintiff Eric Kinsinger's state law claims pursuant to 28 U.S.C. §1367 because they are so related to Plaintiffs' claims over which

the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

14. Venue in the Western District of North Carolina is appropriate by virtue of Plaintiffs' employment in this District, the administration of the Plan in this District, the denial of benefits in this District, and Defendants doing business and being found in this District.

## FACTUAL ALLEGATIONS

15. Plaintiff Eric Kinsinger was employed by Defendant SmartCore on or around February 1, 2010, to work as an estimator in its sales division.

16. Defendant Crook is a Managing Member of Defendant SmartCore Electric and was the "Procurement Manager" for Defendant SmartCore.

17. Defendant Good is a Managing Member of Defendant SmartCore Electric and Defendant SmartCore, and was a Principal of Defendant SmartCore.

18. Defendant Winn is a Managing Member of Defendant SmartCore, and was a Principal of Defendant SmartCore.

### *Allegations Related to ERISA Claims*

19. The Plan is a group health insurance plan providing health insurance to employees of Defendants SmartCore, Smartcore Electric, and Smartcore Electrical Services.

20. Defendant SmartCore adopted the Plan on December 18, 2015, with an effective date of December 1, 2015.

21. Defendant SmartCore was listed as the Plan Sponsor and Plan Administrator for the Plan.

22. Defendant Starmark was the initial claims processor for the Plan, charged with making eligibility and benefits determinations under the Plan.

23. Upon information and belief, Defendants Trustmark and Trustmark Life (together "Trustmark Defendants") provided insurance to the Plan, and were responsible for payment of certain benefits under the Plan.

24. Plaintiff Eric Kinsinger was a participant in the Plan because of his employment with Defendant SmartCore.

25. Denise Kinsinger, Plaintiff's wife, was a participant in the Plan and was insured under the Plan as a dependent of her husband.

26. Defendants SmartCore, SmartCore Electric, and SmartCore Electrical Services ("SmartCore Defendants") withheld monies from each of Plaintiff Eric Kinsinger's paychecks, as well as the paychecks of other employees of the Smartcore Defendants, for a portion of premiums owed to the Plan, through January 2016.

27. The Smartcore Defendants maintained the Plan, which covered the employees of all of these entities.

28. The Fiduciary Defendants and Starmark have discretionary authority and responsibility to administer the Plan and have authority to determine eligibility for benefits. The Fiduciary Defendants and Starmark are "fiduciaries" of the Plan, as that term is defined in ERISA § 3, 29 U.S.C. § 1002.

29. The Fiduciary Defendants are fiduciaries of the Plan under ERISA because:

a. they had discretionary authority and responsibility to administer the Plan, including the authority and responsibility to make eligibility determinations with respect to which employees were allowed to participate in the Plan;

b. They exercised authority and control regarding management and disposition of the Plan assets in the form of deductions from employee paychecks by not paying such monies to the Plan and using such monies for other non-Plan purposes;

c. They exercised authority and control regarding management and disposition of the Plan assets in the form of the insurance policy issued to the Plan by the Trustmark Defendants by disposing of such policy;

d. They made benefits determinations with respect to Plaintiffs under the Plan; and

e. They otherwise performed fiduciary duties with respect to the Plan.

30. Fiduciary Defendants and Starmark had a fiduciary obligation to Plaintiffs to make benefits determinations under the Plan fairly, and to determine eligibility and benefits according to the terms of the Plan.

31. Fiduciary Defendants had a fiduciary obligation to handle Plan assets—including premiums withheld from Plaintiffs and other participants' paychecks, as well as the insurance policy—in a prudent manner and to use such assets solely for the administration of the Plan and to pay benefits under the Plan.

32. On December 9, 2015, Denise Kinsinger was diagnosed with Menorrhagia and Adenomyosis. Ms. Kinsinger underwent an endometrial biopsy. Her physician recommended treatment of an ablation or hysterectomy.

33. On January 8, 2016, J. Funk, Senior Claims Analyst for Defendant Starmark and on behalf of Defendants, notified Carolinas Health Care System and Plaintiffs that Denise Kinsinger met the criteria for pre-authorization for the necessary prescribed treatment. On

January 8, 2016 Starmark, on behalf of Defendants, granted pre-authorization for this service for sixty (60 days) beginning January 8, 2016.

34. On January 8, 2016, Mrs. Kinsinger was admitted to Carolinas HealthCare System Pineville Facility ("CHS Pineville") and underwent the procedures referenced above, for which she incurred medical expenses. Plaintiffs relied on the pre-authorization and other information provided regarding the health benefits available to them in incurring such medical expenses.

35. On or about February 18, 2016, Plaintiff Eric Kinsinger notified Defendant SmartCore that he intended to resign from his position at Defendant SmartCore on February 29, 2016.

36. On February 19, 2016 Plaintiff Eric Kinsinger received a letter from "SmartCore Leadership," purporting to cancel retroactively the "Medical Insurance Policy" effective January 1, 2016. The letter was emailed to employees by Jennifer Lazenby, who worked in Human Resources for SmartCore.

37. On March 31, 2016, the Benefits Committee at SmartCore, LLC, identified itself as Plan Administrator for the Plan.

38. On March 31, 2016, the Benefits Committee at SmartCore, LLC denied Plaintiffs' claim for benefits under the Plan.

39. The March 31, 2016 denial letter was signed with an illegible signature. The letter further informed Plaintiffs that the Plan and Plan Administrator are required to comply with ERISA.

40. On or about September 23, 2016, Plaintiffs filed an appeal of the March 31, 2016 denial with the Defendants SmartCore and Starmark.

41. On or about October 21, 2016, Starmark notified Plaintiffs that it was refusing to process the appeal as it is no longer providing services or processing claims for the Plan. Defendant Starmark directed Plaintiffs to direct their appeal to "the Employer" Smartcore.

42. To date, Plaintiffs have not received a response to that appeal from any representative of SmartCore.

43. Plaintiffs have exhausted all administrative remedies under the Plan, and their claim is ripe for judicial review pursuant to ERISA § 502, 29 U.S.C. § 1132. In the alternative, Plaintiffs' use of administrative remedies or further use of administrative remedies was and would have been futile, given that, upon information and belief, the SmartCore Defendants have ceased business operations, and Defendants Crook, Good and Winn are no longer working at SmartCore, and as Starmark has stated it is no longer providing services to the Plan.

44. During the time Plaintiff Eric Kinsinger was employed by Defendant SmartCore and he and his dependents were covered by the Plan, Plaintiff Denise Kinsinger incurred medical expenses that should have been paid for in whole or in part by the Plan.

45. Defendants have wrongfully denied benefits to Plaintiffs in violation of the Plan provisions and ERISA for the following reasons:

a. Plaintiffs have been wrongfully denied health insurance benefits;

b. The Fiduciary Defendants and Defendant Starmark failed to accord proper weight to the evidence in the administrative record; and

c. Defendants Plan and the Trustmark Defendants have violated their contractual obligation to furnish health insurance benefits to Plaintiffs.

*Allegations Related to Plaintiff Eric Kinsinger's Wage Claims*

46. Defendants SmartCore, SmartCore Electric, and SmartCore Electrical Services were "employers" of Plaintiff Eric Kinsinger, as defined in N.C. Gen. Stat. § 95-25(5). Plaintiff Eric Kinsinger was, at all times relevant to this Complaint, an "employee" of Defendants SmartCore, SmartCore Electric, and SmartCore Electrical Services as defined in N.C. Gen. Stat. § 95-25.2(4).

47. The Smartcore Defendants had common ownership by Crook, Good, and Winn ("Individual Defendants"); the Smartcore Defendants had common management by the Individual Defendants; and the Individual Defendants set common labor practices among the Smartcore Defendants, including hiring and termination policies and procedures.

48. Defendants Crook, Good and Winn acted in the interest of SmartCore, SmartCore Electric, and SmartCore Electrical Services in setting Plaintiff Eric Kinsinger's wages; hiring and terminating employees; withholding money from Plaintiff Eric Kinsinger's and other employees' paychecks and directing use of such money; setting employment practices and policies, including with respect to wages and wage payment; managing the businesses and making management decisions, including the decision to cease active business operations of the Smartcore Defendants; and taking other similar employment actions. As a result, Defendants Crook, Good and Winn were "employers" of Plaintiff Eric Kinsinger as defined in N.C.G.S. § 95-25.2(5).

49. On February 18, 2016, Defendant Winn informed Plaintiff Eric Kinsinger that the SmartCore Defendants would not be paying wages owed to him, allegedly because of financial problems. To date, Plaintiff Eric Kinsinger has not received wages owed to him.

FIRST CLAIM FOR RELIEF:
FAILURE TO PAY WAGES IN VIOLATION OF
THE NORTH CAROLINA WAGE AND HOUR ACT

50. Plaintiffs reincorporate and reallege the allegations contained at paragraphs 1-49 above.

51. The SmartCore Defendants and the Individual Defendants failed to make regular wage payments to Plaintiff Eric Kinsinger in February 2016.

52. The SmartCore Defendants and Individual Defendants also promised to pay health insurance premiums for Plaintiff Eric Kinsinger and his dependents as compensation for labor and/or services rendered by Plaintiff Eric Kinsinger.

53. N.C. Gen. Stat. § 95-25.2(16) defines "wages" as including "amounts promised when the employer has a policy or a practice of making such payments." The Smartcore Defendants had a policy or practice of paying health insurance premiums and represented such to their employees, including Plaintiff.

54. SmartCore Defendants' and Individual Defendants' failure to pay Plaintiff Eric Kinsinger's wages earned as described herein, including but not limited to health insurance premiums, constitutes a violation of N.C. Gen. Stat. §§ 95-25.7 and 95-25.12.

55. SmartCore Defendants' and Individual Defendants' actions were willful and not based on any reasonable belief of compliance with the law.

56. SmartCore Defendants and Individual Defendants are jointly and severally liable for Plaintiff Eric Kinsinger's damages.

57. Plaintiff Eric Kinsinger is entitled to recover the wages owed him plus liquidated damages, costs, and attorney's fees, as provided by N.C. Gen. Stat. § 95-25.22.

## SECOND CLAIM FOR RELIEF: BREACH OF CONTRACT

58. Plaintiffs reincorporate and reallege the allegations contained at paragraphs 1-57 above.

59. SmartCore Defendants' promise to pay Plaintiff Eric Kinsinger's wages was a contract between SmartCore Defendants, Individual Defendants, and Plaintiff Eric Kinsinger. SmartCore Defendants and Individual Defendants offered Plaintiff Eric Kinsinger a job and, as part of his promised compensation in exchange for the performance of his job duties, promised Plaintiff Eric Kinsinger certain wages. Plaintiff Eric Kinsinger accepted SmartCore Defendants' and Individual Defendants' offer by accepting his job and performing that job.

60. SmartCore Defendants' and Individual Defendants' failure to pay Plaintiff Eric Kinsinger his wages constitutes a breach of contract.

61. Plaintiff Eric Kinsinger is entitled to recover damages he incurred in an amount to be determined at trial as a result of SmartCore Defendants' and Individual Defendants' breach of contract.

## THIRD CLAIM FOR RELIEF: WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

62. Plaintiffs reincorporate and reallege the allegations contained at paragraphs 1-61 above.

63. Fiduciary Defendants and Starmark owed Plaintiffs, as participants in the Plan, a fiduciary duty to make eligibility and benefits determinations in a fair and consistent manner and solely in the interests of Plaintiffs and other Plan participants.

64. Defendants have wrongfully denied benefits to Plaintiffs in violation of the Plan provisions and ERISA for the following reasons:

a. Plaintiffs have been wrongfully denied health insurance benefits;

b. Fiduciary Defendants and Starmark failed to accord proper weight to the evidence in the administrative record; and

c. Defendant Plan and the Trustmark Defendants have violated their contractual obligation to furnish health insurance benefits to Plaintiffs.

## FOURTH CLAIM FOR RELIEF: BREACH OF FIDUCIARY DUTY UNDER ERISA, 29 U.S.C. §§ 1104, 1109 AND 1132

65. Plaintiffs reincorporate and reallege the allegations contained at paragraphs 1-64 above.

66. The Fiduciary Defendants and Starmark are fiduciaries as defined in ERISA § 3(21), 29 U.S.C. § 1002(21), because the Fiduciary Defendants have discretionary authority and/or discretionary responsibility in the administration of the Plan.

67. The Fiduciary Defendants each acted as fiduciaries in that they exercised discretionary authority and control as to the management and disposition of Plan assets because they directed the withholding of monies from participants' paychecks.

68. ERISA §403; 29 U.S.C. §1103 provides that an insurance policy is an asset of an ERISA plan. The insurance policy issued to the Plan by the Trustmark Defendants is an asset of the Plan.

69. The Fiduciary Defendants each acted as fiduciaries in that they exercised discretionary authority and control as to the management and disposition of Plan assets because they illegally attempted to cancel retroactively the insurance policy issued to the Plan, did not properly pay premiums to fund the insurance policy, and otherwise acted in an imprudent manner in their management and disposition of the insurance policy.

70. The Fiduciary Defendants breached their fiduciary duties to Plaintiffs and other participants and beneficiaries and the Plan by failing to properly fund the Plan; by failing to use Plan assets for proper purposes under ERISA, including Plan administration and payment of benefits, but instead directed such amounts to other purposes; and by misrepresenting the amount of benefits available under the Plan.

71. The Plan has been harmed because of the Fiduciary Defendants' breach of fiduciary duties in that the Plan has not been administered in compliance with ERISA and other applicable law; its assets were misused; and Fiduciary Defendants misrepresented the amount of benefits available under the Plan.

72. The Plan is entitled to relief requiring that Fiduciary Defendants:

a. administer the Plan in compliance with ERISA and other applicable laws and regulations;

b. cease dealing with Plan assets for their own benefit;

c. be removed as fiduciaries and with respect to any other fiduciary responsibilities pursuant to the Plan, and to have a third-party fiduciary appointed to carry all such fiduciary functions;

d. imposing an equitable lien on the Plan assets withheld from participants by Fiduciary Defendants that were not applied to proper Plan purposes;

e. imposing a constructive trust on the Plan assets withheld from participants by Fiduciary Defendants that were not applied to proper Plan purposes;

f. imposing a surcharge upon Fiduciary Defendants requiring that they pay to the Plan all monies withheld from Plaintiff Eric Kinsinger and other Plan participants that were not used for Plan purposes;

g. cease attempting to cancel the insurance policy retroactively;

h. granting the Plan restitution for the amount of plan assets that Fiduciary Defendants wrongfully withheld by improper use of Plan funds;

i. imposing personal liability on Fiduciary Defendants for all amounts owed to the Plan to fund all outstanding benefits, including but not limited to any benefits owed to any parties on behalf of Plaintiffs; and

j. Other appropriate relief, including declaratory, injunctive, and equitable relief.

73. Fiduciary Defendants are jointly and severally liable for Plaintiffs' damages.

## FIFTH CLAIM FOR RELIEF: OTHER APPROPRIATE EQUITABLE RELIEF, 29 U.S.C. § 1132

74. Plaintiffs reincorporate and reallege the allegations contained at paragraphs 1-73 above.

75. Pursuant to Federal Rule of Civil Procedure 8, Plaintiffs pleads this claim for relief in the alternative to their third claim for relief, to the extent such claims overlap.

76. Each of the Fiduciary Defendants knew of the fiduciary breaches committed by each of the other Fiduciary Defendants.

77. Each of the Fiduciary Defendants made no reasonable efforts to remedy the breach of fiduciary duties by each of the other Fiduciary Defendants.

78. Each of the Fiduciary Defendant is liable for fiduciary breaches of other Fiduciary Defendants.

79. The Fiduciary Defendants breached their fiduciary duties to Plaintiffs and the Plan by failing to properly fund the Plan to enable it to pay claims for benefits.

80. The Fiduciary Defendants breached their fiduciary duties to Plaintiffs and the

Plan my misappropriating Plan assets and not using them for proper Plan purposes.

81. The Fiduciary Defendants misrepresented to Plaintiffs and healthcare providers of Plaintiffs the extent of Plan benefits, including the amount of insurance coverage available for Plan benefits.

82. Plaintiffs reasonably relied on the information (or lack of information) provided by Fiduciary Defendants and their employees and contractors regarding the extent of applicable benefits, including the amount of insurance coverage available for Plan benefits, and such reliance was to their detriment, in that Plaintiffs incurred medical bills because of such misrepresentations.

83. Plaintiffs were prejudiced by the information (or lack of information) provided by Fiduciary Defendants and their employees and contractors regarding the extent of applicable benefits, including the amount of insurance coverage available for Plan benefits, in that Plaintiffs incurred medical bills because of such misrepresentations.

84. Plaintiffs have suffered harm by the conduct of the Fiduciary Defendants as alleged herein in that they are not receiving the value of the health insurance benefits as represented to them by the Fiduciary Defendants, and Plaintiffs have suffered harm because of the misrepresentations made to them regarding the extent of applicable benefits, including the amount of insurance coverage available for Plan benefits.

85. Plaintiffs are entitled to equitable relief:

a. imposing an equitable lien on the Plan assets that have been withheld from Plaintiffs and other participants that were not used for proper Plan purposes, including but not limited to the purchase of insurance to fund benefits;

b. imposing a constructive trust on the Plan assets that have been withheld from Plaintiffs and other participants that were not used for proper Plan purposes, including but not limited to the purchase of insurance to fund benefits;

c. enjoining Fiduciary Defendants from reducing Plaintiffs' benefits under the Plan, including all medical benefits promised to Plaintiffs with respect to his wife's surgery;

d. enjoining Fiduciary Defendants from attempting to cancel the insurance policy retroactively;

e. imposing a surcharge upon the Fiduciary Defendants requiring that they pay to Plaintiffs and the Plan all money they withheld that was not used for proper Plan purposes;

f. equitably estopping Fiduciary Defendants from denying Plaintiffs their full benefits under the Plan, including coverage for all incurred medical expenses;

g. granting Plaintiffs and the Plan restitution for the amount of Plan assets that Fiduciary Defendants wrongfully withheld from Plaintiffs and other participants but that was not used for proper Plan purposes; and

h. Other appropriate declaratory, injunctive, and equitable relief.

86. Fiduciary Defendants are joint and severally liable for breach of fiduciary duties.

## SIXTH CLAIM FOR RELIEF: ATTORNEY'S FEES UNDER ERISA § 502, 29 U.S.C. §1132

87. Plaintiffs reincorporate and reallege the allegations contained at paragraphs 1-86 above.

88. Plaintiffs are entitled to their attorney's fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

89. Defendants are jointly and severally liable for Plaintiffs' attorneys' fees and costs.

WHEREFORE, Plaintiffs pray that the Court grant them the following relief:

1. A trial by jury on all issues so triable;

2. All wages owed to Plaintiff Eric Kinsinger pursuant to the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1, *et seq.*;

3. Interest on all wages owed to Plaintiff Eric Kinsinger pursuant to the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1, *et seq*.;

4. Liquidated damages in an amount equal to Plaintiff Eric Kinsinger's back wages and interest owed pursuant to N.C. Gen. Stat. § 95-25.22(a1);

5. Reasonable attorney's fees pursuant to N.C. Gen. Stat. § 95-25.22(d);

6. Damages for breach of contract in an amount to be proven at trial;

7. Grant Plaintiffs declaratory and injunctive relief, finding that they are entitled to benefits under the terms of the Plan for all medical expenses incurred, and that Defendants be ordered to pay medical benefits under the Plan;

8. Declaratory and injunctive relief to the Plan against the Fiduciary Defendants under ERISA §502(a)(2):

   a. requiring them to administer the Plan in compliance with ERISA and other applicable laws and regulations;

   b. requiring them to cease dealing with Plan assets for their own benefit;

   c. removing them as fiduciaries and with respect to any other fiduciary

responsibilities pursuant to the Plan, and to have a third-party fiduciary appointed to carry all such fiduciary functions;

d. enjoining Fiduciary Defendants from attempting to cancel the insurance policy retroactively;

e. imposing an equitable lien on the Plan assets withheld from participants by Fiduciary Defendants that were not applied to proper Plan purposes;

f. imposing a constructive trust on the Plan assets withheld from participants by Fiduciary Defendants that were not applied to proper Plan purposes;

g. imposing a surcharge upon Fiduciary Defendants requiring that they pay to the Plan all monies withheld from Plaintiff Eric Kinsinger and other Plan participants;

h. granting the Plan restitution for the amount of plan assets that Fiduciary Defendants wrongfully withheld by improper use of Plan funds;

i. imposing personal liability on Fiduciary Defendants for all amounts owed to the Plan to fund all outstanding benefits, including but not limited to any benefits owed to any parties on behalf of Plaintiffs; and

j. Other appropriate declaratory, injunctive, and equitable relief.

9. Declaratory, injunctive, and equitable relief against the Fiduciary Defendants pursuant to ERISA § 502(a)(3):

a. imposing an equitable lien on the Plan assets that have been withheld from Plaintiffs and other participants that were not used for proper Plan purposes, including but not limited to the purchase of insurance to fund benefits;

b. imposing a constructive trust on the Plan assets that have been withheld from

Plaintiffs and other participants that were not used for proper Plan purposes, including but not limited to the purchase of insurance to fund benefits;

c. enjoining Fiduciary Defendants from reducing Plaintiffs' benefits under the Plan, including all medical benefits promised to Plaintiffs with respect to Mrs. Kinsinger's surgery;

d. enjoining Fiduciary Defendants from attempting to cancel the insurance policy retroactively;

e. imposing a surcharge upon the Fiduciary Defendants requiring that they pay to Plaintiffs and the Plan all money they withheld that was not used for proper Plan purposes;

f. equitably estopping Fiduciary Defendants from denying Plaintiffs their full benefits under the Plan, including coverage for all incurred medical expenses;

g. granting Plaintiffs and the Plan restitution for the amount of Plan assets that Fiduciary Defendants wrongfully withheld from Plaintiffs and other participants but that was not used for proper Plan purposes; and

h. Other appropriate declaratory, injunctive, and equitable relief.

10. An order pursuant to ERISA § 502(g) awarding Plaintiffs all reasonable attorney's fees and expenses incurred because of Defendants' wrongful denial in providing coverage and breaches of fiduciary duty;

11. The costs of this action;

12. Interest as provided by law, including but not limited to pre-judgment and post-judgment interest; and

13. An award for such other and further relief as may be just and proper.

Dated this the 8th day of January 2018.

Respectfully Submitted,

*s/ Rachel C. Matesic*
Bryan L. Tyson (N.C. Bar. No. 32182)
Rachel C. Matesic (N.C. Bar. No. 50156)
Meghan M. Starnes-Moore (N.C. Bar. No. 48773)
Marcellino & Tyson, PLLC
2820 Selwyn Ave., Suite 350
Charlotte, North Carolina 28209
Telephone: 704.919.1519
Fax: 980.219.7025
bryan@yourncattorney.com
rachel@yourncattorney.com
meghan@yourncattorney.com

**Attorneys for Plaintiffs Eric Kinsinger and Denise Kinsinger**