# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-643-FDW-DCK

| | |
|---|---|
| ERIC KINSINGER and DENISE KINSINGER, Plaintiffs, v. SMARTCORE, LLC; SMARTCORE ELECTRICAL LLC; SMARTCORE ELECTRICAL SERVICES, LLC; SMARTCORE LLC GROUP HEALTH BENEFIT PLAN; JARED CRAFTON CROOK; STEVEN MATTHEW GOOD; WILLIAM H WINN JR.; STAR MARKETING AND ADMINISTRATION, INC. D/B/A STARMARK, INC., TRUSTMARK LIFE INSURANCE COMPANY; and TRUSTMARK INSURANCE COMPANY; Defendants. | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the "Unopposed Motion For Leave To Amend Complaint" (Document No. 29) filed March 15, 2018. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion to amend, and direct that the pending motions to dismiss be denied as moot.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21

days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

The undersigned is not persuaded there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend, <u>and</u> the motion is unopposed; therefore, the undersigned will allow Plaintiff to file a Second Amended Complaint which supersedes the previous Complaint. Furthermore, the undersigned will direct that the pending motions to dismiss be denied as moot. The undersigned observes that the Trustmark Defendants acknowledge that the filing of the Second Amended Complaint will render the pending motions to dismiss as moot. (Document No. 30, p.1).

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy

v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that the "Unopposed Motion For Leave To Amend Complaint" (Document No. 29) is **GRANTED**.[1] Plaintiffs shall file their Second Amended Complaint on or before **March 21, 2018**.

**IT IS FURTHER ORDERED** that "Star Marketing And Administration, Inc.'s Motion To Dismiss …" (Document No. 8) and "Trustmark Insurance Company And Trustmark Life Insurance Company's Motion To Dismiss Under Fed. R. Civ. P. 12(B)(6) And Supporting Memorandum Of Law**"** (Document No. 10) be **DENIED AS MOOT**.

---

[1] The "Administrative Procedures Governing Filing and Service by Electronic Means," revised January 1, 2018, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

**SO ORDERED**.

Signed: March 19, 2018

David C. Keesler
United States Magistrate Judge