UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00643-FDW-DCK

| | |
|---|---|
| ERIC KINSINGER and <br> DENISE KINSINGER, <br><br> Plaintiffs, <br><br> vs. <br><br> SMARTCORE, LLC; *et al*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) ORDER <br> ) <br> ) <br> ) <br> ) <br> ) |

THIS MATTER is before the Court upon Star Marketing and Administration, Inc. ("Starmark" or "Defendant") Motion to Dismiss (Doc. No. 40) Plaintiffs' Eric Kinsinger and Denise Kinsinger ("Plaintiffs") Second Amended Complaint ("SAC") (Doc. No. 33) under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendant's Motion to Dismiss is DENIED WITHOUT PREJUDICE.

## I.  BACKGROUND

Plaintiffs filed their SAC on March 19, 2018, alleging Defendants violated the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA") when they improperly attended to a claim for benefits (the "Claim"). (Doc. No. 33, p. 14). Plaintiffs allege claims were delegated to Starmark, who served as a claims processor for SmartCore pursuant to an administration services contract. (Doc. No. 33, p. 3-5). Plaintiffs' allege the following causes of action against Starmark: (1) wrongful denial of benefits under ERISA; (2) breach of fiduciary duty under ERISA; (3) equitable relief; and (4) and attorney's fees under ERISA. (Doc. No. 33). Defendant has moved to dismiss, arguing Plaintiffs have failed to state a claim upon which relief

1

may be granted. (Doc. No. 40). Plaintiffs have responded in opposition (Doc. No. 48), and this action is now ripe for disposition.

## II. STANDARD OF REVIEW

In order to survive a 12(b)(6) motion to dismiss, a complaint must contain more than mere legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint must plead facts sufficient to "raise a right to relief above the speculative level" and to demonstrate that the claim is "plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The claim is facially plausible when the factual content of the complaint allows the court to "draw the reasonable inference that the defendant is liable for the misconduct." Id. at 556.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[ ] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for

relief 'will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'—'that the pleader is entitled to relief,'" and therefore it should be dismissed. Id. (quoting Fed.R.Civ.P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

### III. ANALYSIS

The gravamen of Starmark's argument is Plaintiffs' claims should be dismissed for failure to allege facts showing Starmark had any authority to decide the Claim. (Doc. No. 40, p. 5-6). The Court addresses this argument as it relates to each claim below.

**A. Claim for Wrongful Denial of Benefits under ERISA**

Starmark contends Plaintiffs' wrongful denial of benefits claim should be dismissed for three reasons: (1) Starmark is not the "Plan" or the Plan Administrator; (2) Plaintiffs' facts as alleged do not plausibly show Starmark had authority to decide the Claim; and (3) Starmark is not responsible for Plan benefits. (Doc. No. 40, p. 8-11).

Although the Fourth Circuit has not specifically identified which parties are proper defendants in an action for wrongful denial of benefits under ERISA, the Fourth Circuit does appear to be aligned with those courts that permit a plaintiff to bring an action against the plan itself as an entity as well as any fiduciaries with control over the administration of the plan. Martin v. PNC Fin. Servs. Grp. Inc., No. 5:11-CV-00138-RLV, 2012 WL 1802509, at *3 (W.D.N.C. May 17, 2012); See also McRae v. Rogosin Converters, Inc., 301 F.Supp.2d 471, 475–76

3

(M.D.N.C.2004) (describing a fiduciary as "any person or entity who actually exercised discretionary authority, control or responsibility over the plan"); Abbott v. Duke Energy Health & Welfare Ben. Plan, No. 3:07–110, 2007 WL 2300797, at *2–3 (W.D.N.C. Aug. 7, 2007) (Mullen, J.); cf. Colon v. Pencek, No. 3:07–473, 2008 WL 4093694, at *6 (W.D.N.C. Aug. 28, 2008). Moreover, "[f]ederal courts in North Carolina have consistently held that a plan beneficiary may assert a claim under § 1132(a)(1)(B) against the plan itself as an entity and any fiduciaries who control the administration of the plan." Hartquist v. Emerson Elec. Co., 2017 U.S. Dist. LEXIS 47611, *10 (M.D.N.C. 2017) (internal marks removed) (quoting McRae v. Rogosin Converters, Inc., 301 F. Supp.2d 471, 475 (M.D.N.C. 2004)).

Plaintiffs allege Starmark was a named fiduciary with authority over administration of the Plan and indeed specifically made benefits determinations at to the Plaintiffs. Accordingly, the Court finds Plaintiffs have alleged facts sufficient for their wrongful denial of benefits claim to survive Starmark's motion to dismiss.

## B. Claim for Breach of Fiduciary Duty under ERISA Claim and Claim for Other Appropriate Equitable Relief

Starmark argues Plaintiffs' claims for breach of fiduciary duty and other appropriate equitable relief should be dismissed for the same reasons stated above and because Starmark is not a "fiduciary" with respect to the Claim. (Doc. No. 40, p. 12).

In defining a fiduciary, the ERISA statute states in pertinent part:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

ERISA §3(16); 29 U.S.C. §1002(16). In Broadnax Mills, Inc. v. Blue Cross & Blue Shield of Va., the district court denied defendant's motion to dismiss, holding where plan terms vested the defendant with "discretionary authority," including the authority to determine whether a participant was entitled to benefits, defendant was a fiduciary. Broadnax Mills, Inc. v. Blue Cross & Blue Shield of Va., 867 F. Supp. 398, 404-405 (E.D.Va. February 21, 1994). Pursuant to the ERISA statutes, a participant may sue a fiduciary that breaches any of the responsibilities, obligations, or duties imposed by ERISA for any losses to the plan or other equitable or remedial relief. 29 U.S.C. §§1109(a), 1132(a)(2).

Plaintiffs allege Starmark is a fiduciary and breached its fiduciary duties by refusing to perform its responsibilities to make eligibility and benefits determinations under the Plan, by failing to administer the Plan in compliance with ERISA, and by misrepresenting the type and amount of funding available to the Plan. Accordingly, the Court does not see fit to dismiss Defendant's claim for breach of fiduciary duty at this time.

Plaintiffs' claim under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) for "other appropriate equitable relief," is plead in the alternative. Binding precedents on this Court have held that allegations such as those by Plaintiffs form the basis for "other appropriate equitable relief" under ERISA §502(a)(3). See CIGNA Corp. v. Amara, 131 S. Ct. 1866, 1878 (2011) (finding plaintiffs could pursue equitable relief of injunction, mandamus, restitution, reformation, estoppel and surcharge under ERISA §502(a)(3)); see also McCravy v. Metropolitan Life Ins. Co., 690 F.3d 176, 181 (4th Cir. 2012) (finding ERISA 502(a)(3) claim available "to place the person entitled to its benefit in the same position he would have been in had the representations [made to plaintiff, which contradicted plan terms] been true."); see also Strickland v. AT&T Umbrella Benefit Plan

No. 1, 2012 U.S. Dist. LEXIS 141457 (W.D.N.C. 2012) (finding genuine issues of material fact whether plaintiff was entitled to equitable relief of equitable estoppel, surcharge and other forms of make-whole relief under ERISA §502(a)(3) based on oral misrepresentations made to plaintiff regarding available health care benefits.).

Plaintiffs allege Starmark misrepresented to Plaintiffs and healthcare providers of Plaintiffs the amount of insurance coverage available for Plan Benefits and that Plaintiffs reasonably relied on the information provided by Starmark to their detriment. Such allegations are sufficient for Plaintiffs claim to survive at this time.

**C. Claim for Attorney's Fees under ERISA**

Lastly, Starmark contends Plaintiffs' claim for attorney's fees under ERISA should be dismissed because Plaintiffs fail to state a claim under ERISA. (Doc. No. 40, p. 13).

When making a claim for attorneys' fees under 29 U.S.C. § 1332, the court in its discretion may allow a reasonable attorney's fee and costs to the prevailing party in an action under ERISA. ERISA § 502(g); 29 U.S.C. § 1132(g).

Because Plaintiffs have pled plausible facts to state a claim under ERISA, the court finds no reason to dismiss this claim for attorney's fees.

**IV. CONCLUSION**

IT IS THEREFORE ORDERED Starmark's Motion to Dismiss (Doc. No. 40) is DENIED WITHOUT PREJUDICE. The Court finds Plaintiffs have pled sufficient facts to survive Defendant's motion to dismiss. Defendants are free to reassert their arguments at summary judgment. Accordingly, Defendant's motion to dismiss (Doc. No. 40) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Signed: June 25, 2018

Frank D. Whitney
Chief United States District Judge