# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:17-cv-00643-FDW-DCK

| | |
|---|---|
| ERIC KINSINGER and DENISE KINSINGER,<br><br>Plaintiffs,<br><br>vs.<br><br>SMARTCORE, LLC; SMARTCORE ELECTRICAL, LLC; SMARTCORE ELECTRICAL SERVICES, LLC; SMARTCORE, LLC GROUP HEALTH BENEFIT PLAN; JARED CRAFTON CROOK; STEVEN MATTHEW GOOD; WILLIAM H. WINN, JR.; STAR MARKETING AND ADMINISTRATION, INC. d/b/a STARMARK, INC.; TRUSTMARK LIFE INSURANCE COMPANY; and TRUSTMARK INSURANCE COMPANY,<br><br>Defendants. | DECLARATION OF WILLIAM H. WINN, JR. |

I, William H. Winn, Jr., make the following declaration pursuant to 28 U.S.C. § 1746:

1. I am an individual defendant in this matter and a principal of co-Defendants SmartCore, LLC, SmartCore Electrical, LLC, SmartCore Electrical Services, LLC, the SmartCore, LLC Group Health Benefit Plan ("SmartCore Defendants"). I am over eighteen (18) years of age and my statements herein are based on personal knowledge.

1

2. Denise Kinsinger did not properly submit a claim for benefits for the coverage of her hysterectomy (the "Procedure") or any other medical procedure. Specifically, Plaintiffs contacted Defendant Star Marketing and Administration, Inc. ("Starmark"), which was purporting to handle benefits administration for SmartCore, LLC's ("SmartCore") health plan, under which Denise Kinsinger had coverage through her husband Eric (a SmartCore employee), and misrepresented the nature of her medical condition. Specifically, Mrs. Kinsinger claimed that the Procedure was medically necessary, when in fact it was elective and not medically necessary.

3. I am aware that Eric Kinsinger told the other principal of SmartCore, LLC, Matthew Good, that the Procedure was not medically necessary and was elective.

4. Based on the foregoing, I assumed that Starmark would deny coverage under SmartCore's health insurance plan (the "Plan") for the Procedure. Under the Plan and the agreement between Starmark and SmartCore, Starmark had full discretion as to whether to approve or deny benefits, and neither I, Matthew Good, nor any other SmartCore employee questioned Starmark's decisions regarding Plaintiffs.

5. In fact, the day before the Procedure, Eric Kinsinger told SmartCore contractors and employees Stephanie Good, Nathalie Dillahunt, and Jared Crook that he was aware from Starmark that the Procedure would not be covered. Based on this, I assumed that Mrs. Kinsinger would either elect not to have the Procedure, or she would submit it to her own health insurance carrier for coverage and payment.

6. I later learned that Starmark had "retroactively" cancelled its coverage under the Plan and in so doing, denied all pending claims under the Plan <u>including</u> Plaintiffs' claim.

7. Accordingly, I believe that at the time that Mrs. Kinsinger elected to have the Procedure, coverage under the Plan did not exist and SmartCore had no responsibility for payment for the Procedure.

8. Starmark, not SmartCore, denied coverage for Mrs. Kinsinger's Procedure under the Plan, and had the ability to do so.

2

9. Eric Kinsinger quit his employment with SmartCore voluntarily.

10. In March of 2016, after the Kinsingers' lawyer contacted SmartCore asking for information about Starmark's denial of the claim for the Procedure, Matthew Good and I authorized the sending of a letter to the Kinsingers asking for more information on the Procedure so that we could, if needed, revisit Starmark's denial of the same. The Kinsingers never responded, and never challenged Starmark's denial of coverage for the procedure until September of 2016, more than six months after the time to file an appeal of a denial of benefits under the Plan.

11. All employees including Eric Kinsinger had a copy of the Plan documents, and Starmark representatives told me that they had provided all employees with a copy of the Plan documents. Additionally, SmartCore provided a copy of the Plan documents to the Kinsingers by letter dated March 31, 2016.

12. On February 15, 2016, Eric Kinsinger sent me an e-mail in which he acknowledged that Starmark had cancelled insurance coverage and denied coverage for the Procedure. A copy of this e-mail is attached hereto as Exhibit 1.

13. In February of 2018, I had a chance encounter with Plaintiff Eric Kinsinger in person. Mr. Kinsinger apologized for the "trouble" he was causing with this lawsuit and said that he had brought it in order to go after Starmark for Starmark's refusal to approve benefits for Mrs. Kinsinger's Procedure.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 17, 2018.

_____
William H. Winn, Jr.

# Exhibit A-1

privileged. This email is intended solely for the use of the individual or entity named on the message. If you are not the intended recipient, and have received this message in error, please immediately return by email and then delete it.

On Feb 15, 2016, at 11:26 AM, Eric Kinsinger <eric.kinsinger@smartcore.com> wrote:

I am very concerned at this point about the state of the medical benefits. I currently has a doctor's appointment scheduled for Denise tomorrow that is a procedure that would have been covered by the more expensive policy that I was paying for but was cancelled on 12/31/15 per the information I received from Starmark. At this point, I am beyond concerned about the surgery that Denise had and some appointments I have had if they are covered. I have had to pay out much more for prescriptions than I should have and now we have a gap in coverage due to an employee and employer agreement that was not withheld by my employer.

You both know that I have jokingly has stated in the past I work here for the medical benefits but not having them at this point is creating a huge stress on myself and my family. The complete lack of communication about this and the knowledge that it might just be handled before anyone realizes is 100% unacceptable and completely unlawful including fraud and department of labor violations.

We, the employees, of Smartcore need to know when this is going to be fixed, when the lines of communications are going to be open again and when as a company we can purchase supplies again without having to say oh wait we are on credit hold there still. I know this email is generated from me but I know I am not the only one feeling this way.

**ERIC KINSINGER**
**DESIGN CONSULTANT**
**SMART**CORE
eric.kinsinger@smartcore.com
D 704 970 4911
C 704 307 3746
F 704 970 4901
www.smartcore.com

<Scanned from a Xerox Multifunction Printer.pdf>