# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:17-cv-00643-FDW-DCK

| | |
|---|---|
| ERIC KINSINGER and DENISE KINSINGER, )<br>)<br>Plaintiffs, )<br>)<br>)<br>)<br>vs. )<br>)<br>SMARTCORE, LLC; )<br>SMARTCORE ELECTRICAL, LLC; )<br>SMARTCORE ELECTRICAL )<br>SERVICES, LLC; SMARTCORE, LLC )<br>GROUP HEALTH BENEFIT PLAN; )<br>JARED CRAFTON CROOK; )<br>STEVEN MATTHEW GOOD; )<br>WILLIAM H. WINN, JR.; STAR )<br>MARKETING AND ADMINISTRATION, INC. )<br>d/b/a STARMARK, INC.; TRUSTMARK LIFE )<br>INSURANCE COMPANY; and TRUSTMARK )<br>INSURANCE COMPANY, )<br>)<br>**Defendants.** )<br>)<br>_____) | DECLARATION OF<br>STEVEN MATTHEW GOOD |

I, Steven Matthew Good, make the following declaration pursuant to 28 U.S.C. § 1746:

1. I am an individual defendant in this matter and a principal of co-Defendants SmartCore, LLC, SmartCore Electrical, LLC, SmartCore Electrical Services, LLC, the SmartCore, LLC Group Health Benefit Plan ("SmartCore Defendants"). I am over eighteen (18) years of age and my statements herein are based on personal knowledge.

1

2.      Denise Kinsinger did not properly submit a claim for benefits for the coverage of her hysterectomy (the "Procedure") or any other medical procedure. Specifically, Plaintiffs contacted Defendant Star Marketing and Administration, Inc. ("Starmark"), which was purporting to handle benefits administration for SmartCore, LLC's ("SmartCore") health plan, under which Denise Kinsinger had coverage through her husband Eric (a SmartCore employee), and misrepresented the nature of her medical condition.  Specifically, Mrs. Kinsinger claimed that the Procedure was medically necessary, when in fact it was elective and not medically necessary.

3.      Eric Kinsinger told me that the Procedure his wife was undergoing was not medically necessary and was elective.

4.      Based on the foregoing, I assumed that Starmark would deny coverage under SmartCore's health insurance plan (the "Plan") for the Procedure.  Under the Plan and the agreement between Starmark and SmartCore, Starmark had full discretion as to whether to approve or deny benefits, and neither I nor any other SmartCore employee questioned Starmark's decisions regarding Plaintiffs.

5.      In fact, the day before the Procedure, Eric Kinsinger told SmartCore contractors and employees Stephanie Good, Nathalie Dillahunt, and Jared Crook that he was aware from Starmark that the Procedure would not be covered.  Based on this, I assumed that Mrs. Kinsinger would either elect not to have the Procedure, or she would submit it to her own health insurance carrier for coverage and payment.

6.      On February 8, 2016, I learned that Starmark had "retroactively" cancelled SmartCore's insurance coverage under the Plan and in so doing, denied all pending claims under the Plan <u>including</u> Plaintiffs' claim.  Starmark retroactively cancelled SmartCore's insurance under the Plan as of January 1, 2016, before the date of Mrs. Kinsinger's Procedure.

7.	After unsuccessfully attempting to resolve this matter with Starmark, I authorized the mailing of a letter to all SmartCore employees, including Eric Kinsinger, informing them of this cancellation of coverage on February 19, 2016. A copy of this letter is attached to this declaration as Exhibit 1.

8.	Accordingly, I believe that at the time that Mrs. Kinsinger elected to have the Procedure on or about January 8, 2016, coverage under the Plan had been cancelled (without notice) by Starmark, and coverage did not exist.

9.	Starmark's pre-certification notice, a copy of which is attached as Exhibit 2, was dated after Starmark cancelled SmartCore's insurance on January 1, 2016.

10.	Starmark, not SmartCore, denied coverage for Mrs. Kinsinger's Procedure under the Plan, and Starmark had the ability to do so.

11.	In March of 2016, after the Kinsingers' lawyer contacted SmartCore asking for information about Starmark's denial of the claim for the Procedure, William Winn and I authorized the sending of a letter on March 31, 2016 to the Kinsingers asking for more information on the Procedure so that we could, if needed, revisit Starmark's denial of the claim for the Procedure. The Kinsingers never responded, and never challenged Starmark's denial of coverage for the procedure until September of 2016, more than 180 days after the time to file an appeal of a denial of benefits under the Plan, p. 50. The March 31, 2016 letter is attached hereto as Exhibit 3 and the plan documents are attached as Exhibit 4.

12.	All employees including Eric Kinsinger had a copy of the Plan documents, and Starmark representatives told me that they had provided all employees with a copy of the Plan documents. Additionally, SmartCore provided a copy of the Plan documents to the Kinsingers as an enclosure to the letter dated March 31, 2016 (Exhibit 3).

3

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 17th, 2018

_____
Steven Matthew Good

# Exhibit B-1



8702 RED OAK BOULEVARD - SUITE G
CHARLOTTE, NORTH CAROLINA 28217

O › 704 970 4900   www.smartcore.com
F › 704 970 4901

February 19, 2016

Attn: SmartCore Employees

Re: Cancellation of Medical Insurance Policy

SmartCore Employees:

As you may know, our insurance was canceled effective 1/1/2016 for non-payment. We were not made aware of this until 2/8/2016. We have made every effort to secure the funds to reinstate the insurance; however, at this time we have not been able to do so.

For those of you who may be able to enroll on your spouse's insurance, you will need to explain the difference in cancelation and notification dates to ensure you are eligible for a Qualifying Event. Each insurance company is different and as such you will need to work with them.

For those of you who may need another option, at this point because the insurance has been canceled, COBRA is not available. You do have the option of going through the healthcare marketplace. Please note: If you enroll before the end of February, your coverage will go into effect on 4/1/2016.

Our insurance broker, Raymond Ng, has offered to assist you in setting up insurance through the healthcare marketplace. There may be options outside the marketplace, and Raymond will be able to assist in this. His contact information is below.

Sincerely,

SmartCore Leadership

*Raymond Ng*
*(704) 780-1877*
*raymond@rngfinancial.com*

# Exhibit B-2



**Starmark**
*A Trustmark Company*

PO Box 2942, Clinton IA 52733-2942   800.522.1246   www.starmarkinc.com
<http://www.starmarkinc.com>

January 8, 2016

Carolinas Health Care System
Piedmont GYN/OB
Shara
Fax: 704-512-5581

Member: Eric Kinsinger
Patient: Denise Kinsinger
Group #: SM86902E
Submission #: 29637252

Dear Provider:

This letter is in response to your request for pre-authorization of outpatient procedure codes 58541 and C1782 for the above referenced patient.

Based on the information submitted we feel the patient meets the criteria for this service.
This pre-authorization is valid for 60 days.

This letter is not a guarantee of benefits and is based on the patient's eligibility at the time the service is rendered. Charges will be subject to any unsatisfied yearly deductible and coinsurance. Benefits will also be subject to any other plan document exclusions, limitations or requirements as explained in our member's benefit booklet.

If you have any additional questions, please contact our Customer Service Department at 1-800-522-1246.

Respectfully,


J. Funk
Senior Claims Analyst

CC:   Eric Kinsinger
      4071 Sherri Lane
      Fort Mill, SC  29715

# Exhibit B-3



**SMARTCORE**
THE POWER WITHIN

8702 RED OAK BOULEVARD - SUITE G
CHARLOTTE, NORTH CAROLINA 28217

O • 704 970 4906   www.smartcore.com
F • 704 970 4901

March 31, 2016

Eric Kinsinger
4071 Sherri Lane
Fort Mill, SC 29715

Re:   Claim for Benefits Under the SmartCore, LLC Group Health Benefit Plan (the "Plan")

Dear Eric:

The Benefits Committee at SmartCore, LLC has been appointed as the plan administrator for the Plan and has received your claim for benefits on behalf of Denise Kinsinger (the "Plan Participant"). This claim relates to surgical and medical services provided to the Plan Participant before, on and after January 15, 2016, at Mercy Hospital in Charlotte, North Carolina. In order to evaluate this claim for benefits, the Plan Participant must provide additional information to the Benefits Committee as soon as possible.

In its capacity as the plan administrator for the Plan, the Benefits Committee must evaluate claims for Plan benefits and determine if the claim should be paid from Plan assets. The Employee Retirement Income Security Act of 1974, as amended ("ERISA") requires that the plan administrator determine that only covered expenses are paid under employee welfare benefit plan (as defined under ERISA § 3(3)). Currently the Benefits Committee has insufficient information regarding whether the benefit claim described above can be paid under the terms of the Plan.

A copy of the Summary Plan Description is included with this letter.

Note on page 18 that the Plan can only pay for "Essential Health Benefits." Furthermore, such benefits must be "Medically Necessary," as described on page 20 of the Plan. On page 25 of the Plan document, any services and supplies not medically necessary are excluded and cannot be paid under the Plan.

The pre-certification requirement as described on page 29 of the Plan is one way by which the medical necessity of services can be assured is. The Benefit Committee believes that the surgery provided on January 15, 2016, to the Plan Participant was not pre-certified as required under the Plan, a fact which alone is grounds to decline Plan payment for the services.

However, before making a final decision, the Benefits Committee will consider any information you can provide that would have been provided in the pre-certification process if it had been provided on time. The pre-certification requirements apply to surgery and in-patient hospital stays. As described on the bottom of page 29 of the Plan, please provide the information required for pre-certification so that the Benefits Committee may review and determine if the benefits were subject to the pre-certification requirements and are medically necessary.

The Benefits Committee will review the material under the patient privacy requirements of the Health Insurance Portability and Accountability Act ("HIPAA"), and the information provided will be treated as "protected health information" under HIPAA.

The Benefits Committee can make no guarantee about the payment of the benefits claim until after reviewing the information necessary for the proper evaluation of the claim. When the Benefits Committee has reached its decision as the plan administrator, you will be notified of that decision. If necessary, the Plan Participant will be offered a chance to appeal whatever decision is made by the Benefits Committee. More information on the Claims and Review process is available in the Plan document on pages 36 and 49.

Thank you for your assistance in this matter. We look forward to hearing from you soon.

Very truly yours,

Enclosure

#553681v1

# Exhibit B-4

# SMARTCORE LLC GROUP HEALTH BENEFIT PLAN

## SM86902E

# PLAN DOCUMENT/SUMMARY PLAN DESCRIPTION

| TABLE OF CONTENTS | PAGE |

ADOPTION ........................................................................................................................................ 3

SUMMARY PLAN DESCRIPTION ................................................................................................... 5

COMPREHENSIVE MEDICAL COVERAGE ................................................................................... 9

    SCHEDULE OF BENEFITS ................................................................................................. 9

    DEFINITIONS ..................................................................................................................... 17

    COVERED CHARGES ....................................................................................................... 22

    EXCLUSIONS AND LIMITATIONS .................................................................................... 25

    PRECERTIFICATION REQUIREMENT ............................................................................. 29

    PRESCRIPTION DRUG BENEFIT .................................................................................... 31

    CONDITIONS OF COVERAGE ......................................................................................... 35

    CLAIM PAYMENT PROVISIONS ...................................................................................... 36

    GENERAL PROVISIONS ................................................................................................... 38

    COORDINATION OF BENEFITS ...................................................................................... 39

    MEDICARE ......................................................................................................................... 41

    CONTINUATION OF COVERAGE PROVISIONS ............................................................. 41

    SUBROGATION/RIGHT OF REIMBURSEMENT .............................................................. 44

HIPAA PRIVACY ........................................................................................................................... 47

CLAIM REVIEW AND APPEALS ................................................................................................... 49

NOTICE OF PRIVACY PRACTICES ............................................................................................. 53

## CLAIM REVIEW AND APPEALS

### Claim Review and Appeal Rights under Federal Law

**Definitions:**

- **Adverse Benefit Determination** – any denial (in whole or in part) of a Pre-service Claim, Concurrent Care Claim or Post-service Claim, or any rescission of coverage.

- **Pre-service Claim** – a claim for medical services that have not yet been rendered and require pre-authorization and/or pre-certification. There are two (2) categories of Pre-service Claims:
  - Urgent Pre-service Claim – any Pre-service Claim for medical care that, if treated as a Non-Urgent Pre-service Claim, could seriously jeopardize the life or health of the claimant, or the ability of the claimant to regain maximum function, or would subject the claimant to severe pain.
  - Non-Urgent Pre-service Claim – a Pre-service Claim that is neither an Urgent Pre-Service Claim nor a Concurrent Care Claim.

- **Concurrent Care Claim** – a claim for a previously approved, ongoing course of medical treatment. There are two (2) categories of Concurrent Care Claims:
  - Urgent Concurrent Care Claim – a claim for ongoing medical care that, if treated as a Non-Urgent Concurrent Care Claim, could seriously jeopardize the life or health of the claimant, or the ability of the claimant to regain maximum function, or would subject the claimant to severe pain.
  - Non-Urgent Concurrent Care Claim – a claim for ongoing medical care that is not an Urgent Concurrent Care Claim.

- **Post-service Claim** – a claim for medical services that have already been rendered that is not a Concurrent Care Claim.

- **Named Fiduciary for Health Benefit Plan Claims:** Claim Processor is a named fiduciary for purposes of making decisions of whether a claim for benefits is payable under the terms of this Plan.

**Timing of Claim Determinations for Pre-service Claims and Concurrent Care Claims.**

- Pre-service Claims:
  - Urgent Pre-service Claim – Notification will be provided within 72 hours after receipt, unless additional information is necessary. You will be notified within 24 hours if additional information is needed, and You will have 48 hours to submit the information. A determination will be made within 48 hours after receipt of the additional information. If the requested information is not received, a determination will be made based upon the information available.
  - Non-Urgent Pre-service Claim – Notification will be provided within 15 days after receipt, unless additional information is requested. You will be notified within 5 days if additional information is needed, and You will be given 45 days to submit the additional information. A determination will be made within 15 days of the receipt of the additional information. If the requested information is not received, a determination will be made based upon the information available.

- Concurrent Claims:
  - You will be notified of an Adverse Benefit Determination regarding a previously approved ongoing course of treatment sufficiently in advance to allow You to appeal the adverse determination. If, at least 24 hours before the end of a course of previously approved ongoing treatment, You request an extension for that treatment, then a determination will be made within 24 hours of receipt of Your request.
  - If Your request is received less than 24 hours before the end of the course of treatment, the Urgent Pre-service Claim procedures described above will be followed.

**Timing for Claim Determinations for Post-service Claims:**
Notice of benefit determination will be provided within:

- 30 days of receipt of a Post-service Medical claim.

If a determination cannot be made within that timeframe due to circumstances beyond Claim Processor's control, You will be notified within the 30 day timeframe that more time is needed to determine benefits. However, Claim Processor may not take more than 45 days to determine your benefits.

If You do not submit all the necessary information, You will be notified of any additional information needed for a benefit determination. You will have 45 days from receipt of Claim Processor's request to submit the information. The time period during which Claim Processor is waiting for receipt of the necessary information does not count toward the timeframe in which Claim Processor must make a benefit determination. If You do not provide the requested information within the 45 day period, the claim will be denied. You may submit such claim for reconsideration, with the requested information, within the timeframe specified below under Appeal Rights.

**Content of Notice of Adverse Benefit Determination:**
Any notice of Adverse Benefit Determination on a Pre-service, Concurrent Care or Post-service Claim will include:

- Information sufficient to identify the claim involved.
- The specific reasons for any adverse determination, and reference to the specific Plan provision(s) on which determination is based.
- A description of any additional information needed.
- A description of Your Plan's appeal procedures, including the right to present evidence and testimony, and applicable time limits.
- The contact information for Claim Processor's office and other agencies and offices available to assist with the appeals process and any additional information required by law.

In addition, if the Adverse Benefit Determination was rendered on a claim for medical benefits, the notice of Adverse Determination will include a statement that any internal rule, guideline, protocol or other similar criteria used in the determination will be provided upon request at no charge. If the adverse determination on a medical claim was based on medical judgment, the notice of Adverse Benefit Determination will include a statement that an explanation of medical judgment will be provided upon written request at no charge.

If a Pre-service, Concurrent or Post-service Claim is denied or partly denied as an Adverse Benefit Determination, You shall have a reasonable opportunity for an appeal and a right to a full and fair review. Please refer to the Appeal Rights provision below.

**Appeal Rights**

**Opportunity to Request an Appeal**
You have the right to appeal an Adverse Benefit Determination rendered on a Pre-service, Concurrent Care or Post-service Claim. Appeal of an Urgent Pre-service Claim or an Urgent Concurrent Care Claim may be requested verbally; all other appeal requests must be in writing. Your appeal rights will be forfeited if you fail to submit an appeal to Claim Processor, at the address identified below, within 180 days from receipt of the claim decision.

If You are dissatisfied with a first level appeal review, You will have the right to request a second level appeal review. The second level appeal request must be submitted to Claim Processor in writing within 60 days from receipt of the first level appeal decision. All appeals will be reviewed by someone with the appropriate expertise and who was not involved with the original decision.

Claim Processor will provide You with a full and fair review of the claim appeal. If Claim Processor upholds a claim decision on the second level of appeal, Claim Processor will provide You with any new or additional evidence that was considered, relied upon, or generated by Claim Processor in connection with the claim review in advance of the date on which the notice of a final internal benefit determination is provided.

The written appeal should include the Participant's name and identification number from the identification card, the basis for the appeal and any supporting documentation. If the appeal relates to a claim payment decision, the written appeal should also include the date(s) of medical service(s) and the applicable health care provider's name.

Faxed or written appeals must be sent to:

Starmark
Grievance Review
8324 South Avenue
Boardman, OH 44512
Fax (330) 965-7599

**Timing for Appeal Determinations:**
Once Your request for an appeal is received, You will receive a determination on Your appeal no later than:

- Pre-service and Concurrent Care Claims involving Urgent Care: 72 hours from Claim Processor's receipt of the appeal. Depending on the nature of the review, You may have the right to request an expedited external review. Please refer to the Expedited External Review provision below.
- Pre-service and Concurrent Care Claims involving Non-Urgent Care: 15 days from Claim Processor's receipt

of the appeal.
- Post-service Claims: 30 days from Claim Processor's receipt of the appeal.

If You fail to submit the written appeal to the correct address or fax number, Claim Processor reserves the right to deny the request and will inform you of such denial. Claim Processor may also choose to process the request, however the timeframe for processing the appeal will not begin to run until the correspondence is received by the Grievance Review area of Claim Processor's office.

Once You have exhausted both the first and second level appeals, You will be informed of the right to request an external review by an independent review organization.

**EXTERNAL APPEAL**

The notice of a final internal Adverse Benefit Determination will included detailed information about Your right to request an external review and the process for making such request. With respect to the external review process, an Adverse Benefit Determination shall only include those determinations that involve medical judgment, including, but not limited to medical necessity, appropriateness, Experimental/Investigational, health care setting, level of care, or effectiveness of a covered benefit and rescissions of coverage.

You or Your authorized representative will have four (4) months from receipt of notification of the final internal Adverse Benefit Determination to request an external review.

### RIGHT TO EXTERNAL APPEAL

Within five (5) days of receipt of the request for an external review (or immediately in the case of a request for an expedited external review), Claim Processor will make a preliminary determination if the claim is eligible for external review, based on confirmation that:

1. The Participant is covered under the Plan at the time the health care item or service is requested or, in the case of a retrospective review, was covered under the Plan at the time health care item or service was provided;
2. External review is available based on the reason for the Adverse Benefit Determination;
3. The Participant has exhausted the Plan's internal appeal process;
4. The Participant has provided all of the necessary information and forms required to complete an external review.

Within one business day of the preliminary review determination (or immediately in the case of a request for an expedited external review), Claim Processor will send written notice to You (or Your authorized representative) as to whether the request has been accepted. If You are not eligible for external review, the written notice will explain the reason for the ineligibility and provide contact information for the Employee Benefits Security Administration. If the request for external review is not complete, the written notice will describe the information or materials needed and will give You until the end of the 4 month period or 48 hours, whichever is later, to provide such information or materials.

### INDEPENDENT REVIEW ORGANIZATION

The Plan will assign an Independent Review Organization (IRO) that is accredited by URAC or other nationally recognized accrediting organization to conduct the external review using a process to guard against bias and ensure independence in review determinations. Once an IRO accepts the request for external review, the IRO will have 45 days to provide written notice of its decision.

If the IRO reverses Claim Processor's decision, We will have the claim paid or otherwise provide coverage consistent with the IRO's determination. The IRO's decision is binding on You and Us and the Claim Processor except to the extent that other remedies may be available under State or Federal law.

### EXPEDITED EXTERNAL REVIEW

You may request an expedited external review at any time following receipt of an Adverse Claim Determination (even if You have not exhausted the internal appeal process) if such determination involves a medical condition for which the timeframe to complete an internal appeal or the timeframe to complete a standard external review seriously jeopardize Your life, health, or ability to regain maximum function. In the event of an expedited external review, the external review will be conducted on an expedited basis and a decision will be rendered by the IRO and communicated to You within 72 hours after the IRO receives the request.