# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:17-cv-00643-FDW-DCK

ERIC KINSINGER and DENISE KINSINGER,

Plaintiffs,

vs.

SMARTCORE, LLC;
SMARTCORE ELECTRICAL, LLC;
SMARTCORE ELECTRICAL
SERVICES, LLC; SMARTCORE, LLC
GROUP HEALTH BENEFIT PLAN;
JARED CRAFTON CROOK;
STEVEN MATTHEW GOOD;
WILLIAM H. WINN, JR.; STAR
MARKETING AND ADMINISTRATION, INC.
d/b/a STARMARK, INC.; TRUSTMARK LIFE
INSURANCE COMPANY; and TRUSTMARK
INSURANCE COMPANY,

Defendants.

SUPPLEMENTAL
DECLARATION OF
STEVEN MATTHEW GOOD

(IN OPPOSITION TO
PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT)

I, Steven Matthew Good, make the following declaration pursuant to 28 U.S.C. § 1746:

1. I am an individual defendant in this matter and a principal of co-Defendants SmartCore, LLC, SmartCore Electrical, LLC, SmartCore Electrical Services, LLC, the SmartCore, LLC Group Health Benefit Plan ("SmartCore Defendants"). I am

1

over eighteen (18) years of age and my statements herein are based on personal knowledge.

2. Shortly before voluntarily ending his employment with SmartCore, LLC ("SmartCore"), Eric Kinsinger gave an interview to a local television station that was anonymous and contained many false and malicious statements about SmartCore. When the interview was broadcast, Mr. Kinsinger boasted to many people, who subsequently informed me, that he was the anonymous source interviewed for the report.

3. The broadcast including Mr. Kinsinger's false statements directly caused many customers and sources of revenue for SmartCore to stop releasing payments to SmartCore. I am aware of this because a representative of at least one of these organizations told me so. This directly led to SmartCore's inability to pay Mr. Kinsinger's wages (consisting of one paycheck), not to mention the eventual failure of the company.

4. In March of 2016, after the Kinsingers' lawyer contacted SmartCore asking for information about Starmark's denial of the claim for the Procedure, William Winn and I authorized the sending of a letter on March 31, 2016 to the Kinsingers asking for more information on the Procedure so that we could, if needed, revisit Starmark's denial of the claim for the Procedure. The Kinsingers never responded, and never challenged Starmark's denial of coverage for the procedure until September of 2016, more than six months after the time to file an appeal of a denial of benefits under the Plan.

5. All employees including Eric Kinsinger had a copy of the Plan documents, and Starmark representatives told me that they had provided all employees with a copy of the Plan documents. Additionally, SmartCore provided a copy of the Plan documents to the Kinsingers as an enclosure to the letter dated March 31, 2016.

6. On June 3, 2016, Eric Kinsinger sent a letter to SmartCore asking for

2

several documents supposedly related to the Plan. SmartCore had already provided two of these documents (the Plan document and its summary description) to Mr. Kinsinger on March 31, 2016 as noted in the paragraph above. The remainder of the documents did not exist; in particular, there was no services agreement or contract in place with Starmark on June 3, 2016 because Starmark voided the agreement retroactive to January 1, 2016. Because these documents did not exist, SmartCore could not and did not provide them to Mr. Kinsinger.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 14, 2019.

Steven Matthew Good