# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-00643-FDW-DCK

| | |
|---|---|
| DENISE KINSINGER<br>ERIC KINSINGER,<br><br>   Plaintiffs,<br><br> v.<br><br>STEVEN MATTHEW GOOD<br>WILLIAM H WINN JR<br>SMARTCORE, LLC GROUP HEALTH<br>BENEFIT PLAN<br>SMARTCORE ELECTRICAL<br>SERVICES, LLC<br>SMARTCORE ELECTRIC, LLC<br>SMARTCORE, LLC<br>JARED CRAFTON CROOK,<br><br>   Defendants. | **ORDER** |

  This written order is intended to memorialize the Court's oral rulings stated in court on February 4, 2019. For the reasons stated in open court, Plaintiffs' "Motion for Summary Judgment Against Defendants Smartcore, Winn and Good", (Doc. No. 70), is GRANTED IN PART and DENIED IN PART. Defendants' Motion for Summary Judgment is DENIED. Plaintiffs' Motion is granted with regards to liability for Plaintiff's Breach of Contract and NC Wage and Hour Act Claims. The Court finds that there is no genuine dispute that Defendant violated the North Carolina Wage and Hour Act, and that Plaintiff is owed wages in the amount of $6,250 plus additional statutory interest. In addition, the Court finds that double damages are appropriate under North Carolina law.[1] See N.C. Gen. Stat. § 95-25.22. The Court will order briefing at a later date to determine the exact amount of the judgment on this claim.

---

[1] Defendants conceded at oral arguments that the doubling of damages was warranted.

For Plaintiffs' wrongful denial of benefits and breach of ERISA fiduciary duty claims, the Court finds that there are genuine disputes of material fact. Since there is no right to a jury trial for ERISA claims, this case will proceed to a bench trial, **scheduled for April 3, 2019 at 9:00 a.m. in Courtroom 1-1 of the Charles R. Jonas Federal Building, 401 W. Trade Street, Charlotte, NC 28202.** See Phelps v. C.T. Enters., Inc., 394 F.3d 213, 222 (4th Cir. 2005) ("[P]roceedings to determine rights under employee benefit plans are equitable in character and thus a matter for a judge, not a jury.") (citation and internal quotations omitted). As stated in court, the Court will hear testimony from all individuals who have submitted an affidavit in this case. Parties may present additional witnesses for their respective cases.

The remainder of this Order is intended to revise and supplement this Court's earlier pretrial order. (Doc. No. 35). Except as stated in this Order, the Court's original pretrial order remains in effect.

**PRETRIAL AND TRIAL PROCEDURES**

    a.    **Trial.** This case shall be tried **without** a jury. Counsel should be prepared to proceed to trial on **April 3, 2019 at 9:00 a.m. The Court anticipates trial to last for one (1) day.**

    b.    **Final Pretrial Conference.** The Court will not hold a final pretrial conference.

    c.    **Pretrial Submissions.** The Court requires the following pretrial submissions to be jointly drafted and submitted to Chambers by **March 20, 2019**:

        i.    Proposed Pretrial Order. This document shall contain:

            (1)    A joint statement of the case.

            (2)    Stipulations as to all issues of law or fact to which the parties can agree for purposes of streamlining trial. If a party fails to stipulate

to a fact (*e.g.*, the authenticity of a document) without articulating a good faith basis for disputing it, the Court shall assess against that party the opposing party's costs (including the cost of subpoena service, witness travel costs and fees, and reasonable attorney's fees) incurred in proving the fact at trial. See Fed. R. Civ. P. 37(c)(2).

(3) A brief synopsis (no argument) of the legal or factual contentions about which the parties have been unable to stipulate. Any advocacy should be reserved for a trial brief which may be submitted as provided in Paragraph 4(d) below.

(4) A list of exhibits that each party may offer at trial (except those offered solely for impeachment or cross-examination), numbered sequentially; a brief description of the exhibit; any stipulations as to authenticity or admissibility; and the basis for any objections. This information shall be entered into a table in substantially the following format (the last two columns should be left blank to be completed by the courtroom clerk at trial):

| Exh. No. | Description | Stipulation – Authenticity | Stipulation – Admissibility | Objections | Identified By | Admitted |
|---|---|---|---|---|---|---|
| 1 | Police Report | Yes | No | Hearsay | | |
| 2 | Draft of Contract | No | No | Foundation, Relevance, Parol Evidence | | |

(5) Designations by volume, page and line of all portions of pleadings and discovery materials, including depositions, interrogatories, and requests for admission, that each party may offer at trial (except those offered solely for impeachment or cross-examination); cross-designations; a brief description of the substance of the designation; and the basis for any objections. This information should be entered into a similar table format as the exhibit list.

(6) A list of the names and addresses of all witnesses each party may offer at trial, together with a brief statement of what counsel proposes to establish by their testimony.

(7) A statement of the qualifications of any expert witness a party may offer at trial, unless the parties have stipulated to the qualifications of the expert witness as provided above.

ii. <u>Exhibit Notebooks.</u>  Copies of all proffered documentary exhibits (including designated portions of discovery materials), properly bound, indexed, and tabbed.[2]  In addition, in order to facilitate publishing exhibits electronically through the multimedia technology available in the courtroom, counsel shall submit to Chambers a CD-ROM containing the pertinent files (in JPEG or PDF format for documents and images and MPEG format for audio/video), named according to the corresponding exhibit number assigned to the exhibit in the proposed pretrial order. These exhibit notebooks and CD-ROMs are to be courtesy copies for the

---

[2] The Court requests <u>only</u> <u>one</u> complete exhibit notebook.

Court's personal use at trial.  <u>Counsel should be aware that each party will bear sole responsibility for maintaining the actual exhibits offered by that party and admitted at trial.</u>  All working drafts of documents (*e.g.*, the proposed pretrial order) shall be submitted to Chambers electronically, in either WordPerfect (WPD) or Rich Text (RTF) format, utilizing the CyberClerk feature of CM/ECF.  Submissions required to be made in a tangible medium (*e.g.*, hard copies of papers and exhibits) must be sent so as ensure their receipt in Chambers by the deadlines set forth herein.

d. **Trial Briefs and Motions *in limine*.**  To the extent that contested issues of law can be anticipated in advance of trial, trial briefs and/or motions *in limine*,[3] if appropriate, **shall be filed by March 25, 2019**.  Written responses **shall be due on March 28, 2019**. Word limits for motions *in limine* shall be governed by Paragraph 3(c)(i) and word limits for trial briefs shall be governed by Paragraph 3(c)(ii) of the original case management order.

e. **Proposed Findings of Fact and Conclusions of Law.**  Proposed findings of fact and conclusions of law shall be due on **March 20, 2019**.

f. ***De Bene Esse* Depositions.**  *De bene esse* trial depositions may not be taken outside of the discovery period without consent of all parties or leave of court upon a showing: (i) that the deponent will be unavailable at trial for one of the reasons set forth in Rule 32(a)(3) and, if the reason for unavailability is that the witness resides outside of the Court's subpoena power, that the party desiring the testimony has first made a good faith effort to obtain the voluntary attendance of

---

[3] Due to the more informal nature of a bench trial, a motion *in limine* should not be filed if the objection is susceptible to resolution in the course of trial.

the witness at trial; (ii) that the witness had not previously been deposed in a discovery deposition, or that exigent facts exist which would justify reopening the deposition; (iii) that the deposition can be scheduled at least fourteen (14) calendar days before the first day of the trial term during which the case has been calendared; and (iv) that no substantial and irremediable prejudice will result to an adverse party on account of the taking of the deposition.

    **g.** **Trial Subpoenas.** <u>**Counsel must subpoena all witnesses by March 20, 2019**</u>. The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline.

IT IS SO ORDERED.

Signed: February 11, 2019

*[Signature]*

Frank D. Whitney
Chief United States District Judge