IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-00643-FDW-DCK

| | |
|---|---|
| DENISE KINSINGER<br>ERIC KINSINGER,<br><br>      Plaintiffs,<br><br>   v.<br><br>STEVEN MATTHEW GOOD<br>WILLIAM H WINN JR<br>SMARTCORE, LLC GROUP HEALTH<br>BENEFIT PLAN<br>SMARTCORE ELECTRICAL SERVICES,<br>LLC<br>SMARTCORE ELECTRIC, LLC<br>SMARTCORE, LLC<br>JARED CRAFTON CROOK,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

THIS MATTER is before the Court on Defendant Jared Crook's Motion to Set Aside Default. (Doc. No. 83). Plaintiffs have responded to the motion, (Doc. No. 87), Defendant Crook has replied, (Doc. No. 88), and the matter is now ripe for review. For the reasons stated below, the Court GRANTS Defendant Crook's Motion.

**Background**

Plaintiffs filed their amended complaint on January 8, 2018, alleging that Defendants had misappropriated employee health insurance contributions, refused to pay a valid claim under the health insurance policy, and failed to pay wages to Plaintiff Eric Kinsinger, a former employee at SmartCore. (See generally Doc. No. 3). Defendant Crook acknowledges service of the lawsuit in

February 2018. (Doc. No. 88, p. 3). Nonetheless, Defendant Crook did not file an answer or any other response in this lawsuit. On December 19, 2018, Plaintiffs moved for an entry of default against Defendant Crook, and the Clerk entered default against Defendant Crook on December 27. (Docs. No. 71, 76). Defendant Crook subsequently retained counsel and filed the present Motion to Set Aside Default on January 30, 2019. (Doc. No. 83).

**Legal Standard**

Rule 55(c) of the Federal Rules of Civil Procedure allows the Court to set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). To determine whether "good cause" exists to set aside the default, courts consider the following factors: 1) whether the moving party has a meritorious defense, 2) whether it acts with reasonable promptness, 3) the personal responsibility of the defaulting party, 4) prejudice to the non-defaulting party, 5) a history of dilatory action, and 6) the availability of less drastic sanctions. Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204–05 (4th Cir. 2006). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010).

**Analysis**

Based on a weighing of the factors in Payne, the Court finds that there is good cause to set aside the entry of default. See 439 F.3d at 204–05.

*A. Meritorious defense*

Plaintiffs' lawsuit currently involves two sets of claims. The first set of claims revolve around the allegations involving ERISA: that Defendants misappropriated withheld wages for an employee healthcare plan and failed to pay a valid claim. The second set of claims arise out of breach of contract and the North Carolina Wage and Hour Act for SmartCore's failure to pay Eric

Kinsinger wages.[1] With regards to both sets of claims, the Court finds that Defendant Crook has presented a meritorious defense.

An individual may be liable under ERISA if they act as a fiduciary and breach their fiduciary duties to the plan. See 29 U.S.C. § 1109 (2018). ERISA defines a fiduciary as:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). Thus, employees or managers are not individually liable under ERISA simply based on their employment title, rather, their liability is determined by the scope of their authority. See Mertens v. Hewitt Assocs., 508 U.S. 248, 262 (1993) (stating that ERISA does not provide for damages "on the part of persons who had no real power to control what plan did").

Similarly, while employees or managers can be individually liable under the North Carolina Wage and Hour Act for a failure to pay wages, their individual liability is contingent upon them acting as an "employer." See Powell v. P2Enterprises, LLC, 786 S.E.2d 798, 801 (N.C. Ct. App. 2016). North Carolina law defines "employer" for the purposes of labor regulations as: "any person acting directly or indirectly in the interest of an employer in relation to any employee." N.C. Gen. Stat. § 95-25.2. The question of whether an individual is an "employer" turns on "the totality of the circumstances to determine whether the individual has sufficient operational control over the workers in question and the allegedly violative actions to be held liable for unpaid wages or other damages." Powell, 786 S.E.2d at 801.

---

[1] The Court granted summary judgment in favor of Plaintiffs' on this claim as to the other Defendants on February 12, 2019. (Doc. No. 86).

Here, Defendant Crook has stated, via affidavit, that his job title at SmartCore was a "Field Supervisor and Procurement Manager" and he had no role "with any aspect of employment benefits and/or payroll." (Doc. No. 84, p. 6). This purported lack of authority is a meritorious defense as to liability under ERISA and under the NC Wage and Hour Act. In making this present finding, the Court does not make any ultimate factual or legal conclusions as to whether Defendant Crook was indeed acting as a "fiduciary" or "employer." Rather, the assertion of the meritorious defense strongly favors setting aside the entry of default at this stage for a later resolution of the case on its substantive merits. See Colleton Preparatory, 616 F.3d at 417.

*B. Personal responsibility of the moving party*

To explain his delayed response in this case, Defendant Crook explains that after receiving the Amended Complaint, he called Defendant Matthew Good, his former superior at SmartCore. (Doc. No. 84, p. 5). Mr. Good purportedly assured him that his "employment at SmartCore was not relevant to the matters at issue in the Amended Complaint, and that [Defendant Crook] would not need to take any further action." Id. at 5–6. Defendant Crook interpreted this statement to mean that SmartCore would take legal action on his behalf, and states that he did not realize the need for his personal involvement until default had been entered against him. Id. at 6.

Typically, a *pro se* litigant is not excused from the consequences stemming from their ignorance of the rules of civil procedure. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). However, in this specific circumstance, where Defendant Crook may have been affirmatively misled that his former employer would represent him in this case, the Court finds that this factor weighs in favor of setting aside the entry of default.

*C. Delay and prejudice to non-moving party*

Plaintiffs argue that Defendant Crook unreasonably delayed his motion to set aside the default by filing his motion more than thirty days after the entry of default. (Doc. No. 87, p. 2). However, the Fourth Circuit has made it clear that delay by itself is not adequate grounds to refuse to set aside a default. See Colleton Preparatory, 616 F.3d at 418 ("[T]he issue is one of prejudice to the adversary, not merely the existence of delay.") (emphasis in original). Indeed, the Fourth Circuit in Colleton found that a delay of "less than three months" was not clearly prejudicial to the non-defaulting party. See id.

With regards to prejudice, Plaintiffs assert that they would be prejudiced by setting aside the default because discovery is now closed and parties have already filed and argued dispositive motions. (Doc. No. 87, p. 10). The Court notes that Plaintiffs themselves are at least partly responsible for any prejudice regarding discovery and dispositive motions. Plaintiffs did not file a motion for entry of default against Defendant Crook until December 19, 2018, seven months after Defendant Crook had been served and should have responded to the lawsuit. Plaintiffs' motion for entry of default was filed on the same day that dispositive motions were due in this case, and nearly a month after the close of discovery.[2] (See Doc. No. 65). Plaintiffs could have filed a motion for entry of default as early as March or April 2018, once it became clear that Defendant Crook had not responded to the lawsuit. It would be unfair to refuse to set aside the default based on prejudice that was partly of Plaintiffs' own making.

The Court also does not expect that the setting aside of an entry of default will substantially alter the course of this litigation. This case is scheduled to proceed by way of a bench trial scheduled for April 3, 2019. The Court previously stated that it will hear from all individuals who

---

[2] The Court further notes that these deadlines were due to a substantial extension of the Court's initial scheduling order.

have submitted an affidavit in this case at this bench trial. (Doc. No. 86). This list of individuals already includes Defendant Crook, who submitted an affidavit to accompany the other Defendants' Motion for Summary Judgment. (Doc. No. 72-5). The Court further notes that the bench trial may also resolve the issue of whether Defendant Crook was acting as an "employer" for the purposes of North Carolina Wage and Hour Act liability. See Powell, 786 S.E.2d at 801 (stating that the determination of whether an individual qualifies as an "employer" is a question of for the court). The fact that the previously scheduled bench trial will largely proceed as initially anticipated weighs against a finding of significant prejudice for Plaintiffs.

## **Conclusion**

Upon a balance of the factors, and based on the unique circumstances of this case, the Court finds good cause to set aside the entry of default against Defendant Crook and hereby GRANTS Defendant Crook's Motion to Set Aside Default. (Doc. No. 83). The Court's previously set schedules in this case remain in effect with respect to all parties.

IT IS SO ORDERED.

Signed: March 4, 2019

Frank D. Whitney
Chief United States District Judge