IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:17-cv-00643-FDW-DCK

| | |
|---|---|
| ERIC KINSINGER and DENISE KINSINGER, | ) ) ) |
| Plaintiffs, | ) ) ) ) ) ) ) ) |
| vs. | ) ) ) |
| SMARTCORE, LLC; SMARTCORE ELECTRICAL, LLC; SMARTCORE ELECTRICAL SERVICES, LLC; SMARTCORE, LLC GROUP HEALTH BENEFIT PLAN; JARED CRAFTON CROOK; STEVEN MATTHEW GOOD; WILLIAM H. WINN, JR.; STAR MARKETING AND ADMINISTRATION, INC. d/b/a STARMARK, INC.; TRUSTMARK LIFE INSURANCE COMPANY; and TRUSTMARK INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**MOTION OF MATTHEW J. NORRIS AND NORRIS LAW GROUP, P.C. TO WITHDRAW AS COUNSEL FOR DEFENDANTS SMARTCORE, LLC, SMARTCORE ELECTRICAL, LLC, SMARTCORE ELECTRICAL SERVICES, LLC, SMARTCORE, LLC GROUP HEALTH BENEFIT PLAN, STEVEN MATTHEW GOOD, and WILLIAM H. WINN, JR.**

Undersigned attorney Matthew J. Norris, for himself and his law firm Norris Law Group, P.C. (jointly referred to as "Attorney Norris"), hereby moves to withdraw as counsel for Defendants SmartCore LLC, SmartCore Electrical LLC, SmartCore Electrical Services, LLC, SmartCore, LLC Group Health Benefit Plan, Steven Matthew Good, and William H. Winn, Jr. ("Defendants"). As grounds for their motion, Attorney Norris hereby states:

I. **FACTUAL BACKGROUND AND ARGUMENT**

Because of attorney-client privilege, Attorney Norris does not provide detailed accounts of the circumstances below, and respectfully asks the Court to recognize that motions to withdraw are considered without such details so that counsel is not required to violate the rule of attorney-client confidentiality. Should the Court require further details, Attorney Norris will readily appear *in camera* before the Court and make an appropriate showing to the Court outside the presence of opposing counsel to resolve any questions the Court may have.

In support of this motion to withdraw and in accordance with the cited provisions of the North Carolina Rules of Professional Conduct and Local Civil Rule 83.1(f) of this Court, Attorney Norris shows this Court the following:

1. Defendants insist upon taking action that Attorney Norris considers repugnant, imprudent, or contrary to the advice and judgment of the lawyer, and with which Attorney Norris has a fundamental disagreement (N.C. Rules of Professional Conduct, Rule 1.16 (4));

2. Defendants have failed substantially to fulfill an obligation to Attorney Norris regarding his and his firm's services and Defendants have been given reasonable warning by Attorney Norris that Attorney Norris will withdraw unless the obligation is fulfilled (N.C. R.P.C., Rule 1.16 (6));

3. Continued representation will result in an unreasonable financial burden on Attorney Norris (N.C. R.P.C., Rule 1.16 (7));

4. Continued representation has been rendered unreasonably difficult by Defendants in that Defendants refuse to communicate with Attorney Norris (or with his co-counsel M. Heath Gilbert, Jr. and Mr. Gilbert's firm), there has been an irretrievable breakdown in the attorney-client relationship, and it is unreasonably difficult for Attorney Norris (or Attorney Gilbert, who is moving separately to withdraw on behalf of him and his firm, with Attorney

Norris' complete support and consent) to represent clients at trial when said clients will not participate in their own defense or communicate with Attorney Norris regarding their case or any defenses (N.C. R.P.C., Rule 1.16 (7));

5. Other good cause for withdrawal exists in that meaningful communication has completely ceased between Defendants and Attorney Norris (as well as Attorney Gilbert), preventing Attorneys Norris and Gilbert from presenting this case at trial and putting them at risk of violating the North Carolina Rules of Professional Conduct by doing so (N.C. R.P.C., Rule 1.16 (9)).

Each of the foregoing grounds constitutes valid basis for permissive withdrawal under the North Carolina Rules of Professional Conduct.

In addition and furthermore,

6. A lawyer, including Attorney Norris, shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: (1) the representation will result in violation of law or the Rules of Professional Conduct; or [ . . . ] (3) the lawyer is discharged." North Carolina Rules of Professional Conduct, Rule 1.16 (a)(1), (3).

7. Attorney Norris has just concluded that continued representation of all Defendants (or any Defendant) in this matter will result in a violation of the Rules of Professional Conduct, in that an irreconcilable conflict of interest has developed and now exists that prevents Attorney Norris from representing any of the Defendants. Attorney Norris therefore must withdraw under N.C. R.P.C., Rule 1.16(a)(1).

8. Further, because of Defendants' failure to meet their contractual and client obligations to Attorney Norris, as well as their failure to communicate with Attorney Norris, Attorney Norris has been constructively discharged and must withdraw under N.C. R.P.C., Rule 1.16(a)(3).

Each of the foregoing grounds constitutes valid basis for <u>mandatory</u> withdrawal under the North Carolina Rules of Professional Conduct.

## II. ADDITIONAL MATTER FOR THE COURT'S CONSIDERATION

Attorney Norris waited as long as possible for Defendants to cure the problems listed above, but after multiple attempts, they have not done so. Attorney Norris is uncertain whether Defendants plan to continue to contest this matter, but respectfully requests that all case events

be continued to give Defendants time to respond to this motion and to engage other counsel should they wish to do so.

Despite Attorney Norris' best efforts, the conflict of interest referred to above pervades the entire representation and is not curable. It arose only recently, cementing the need for this motion.

In addition to the above conflict of interest, which mandates withdrawal so that Attorney Norris can avoid violating the Rules of Professional Conflict, irreconcilable differences and a complete breakdown in the attorney-client relationship and communication between lawyer and client also require Attorney Norris' withdrawal.

Attorney Norris has taken every possible step to minimize prejudice to the Defendants in connection with the filing of this motion.

Attorney Norris emphasizes that the earlier filed renewed motion for a continuance of the April 3 trial date has been made protectively in the event that the Court denies this motion, because of Attorney Norris' substantial conflicts with the trial date as detailed in that separate motion.

However, Attorney Norris (like Attorney Gilbert in his separate motion) respectfully asks the Court to recognize that he cannot effectively represent Defendants at trial in light of the above facts, <u>including most notably (but not exclusively) the fact that doing so will cause Attorney Norris to violate the North Carolina Rules of Professional Conduct forbidding attorneys from representing clients with conflicts of interest between them or representing any client in a situation where a conflict of interest exists</u>.

Attorney Norris understands that his co-counsel, Attorney Gilbert, will be filing a separate motion to withdraw as counsel. Attorney Norris respectfully requests that Attorney Gilbert's motion, which is founded on the same facts, be granted as well.

Per the requirements of Local Civil Rule 83.1(f) of this Court, the last known addresses for each defendant are as follows:

| | |
|---|---|
| Steven Matthew Good<br>11118 Barnyard Court<br>Matthews, NC 28105<br>matt.good@avdenellison.com | SmartCore, LLC<br>Smart Core Electrical, LLC<br>SmartCore Electrical Services, LLC<br>SmartCore, LLC Group<br>Health Benefit Plan<br>c/o Steven Matthew Good |

<pre>
                                           11118 Barnyard Court
                                           Matthews, NC 28105
                                           matt.good@avdenellison.com
</pre>

William H. Winn, Jr.
1533 Ideal Way
Charlotte, NC 28203
will.winn@me.com

### III.    CONCLUSION

In light of the foregoing, Attorney Norris respectfully requests that he be permitted to withdraw as counsel for Defendants in this matter, that case events be stayed pending the outcome of this motion, and that if this motion is granted, Defendants be afforded a reasonable amount of time to secure replacement counsel should they wish to do so.  Attorney Norris is perfectly willing to appear before the Court, including providing information *in camera* if necessary, at oral argument on this motion to assist the Court in resolving any questions it many have concerning this motion and the grounds for its filing.

<pre>
Dated:   March 15, 2019              Respectfully submitted,
                                     /s/ Matthew J. Norris
                                     Matthew J. Norris
                                     N.C. State Bar No. 26978
                                     mjnorris@norrislglaw.com
                                     Norris Law Group, P.C.
                                     10940 Wilshire Boulevard, Suite 1600
                                     Los Angeles, CA 90024
                                     (310) 443-4159
                                     (310) 443-4220 (facsimile)
</pre>