IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-00643-FDW-DCK

| | | |
|---|---|---|
| **DENISE KINSINGER,** | ) | |
| **ERIC KINSINGER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **STEVEN MATTHEW GOOD,** | ) | |
| **WILLIAM H WINN JR,** | ) | |
| **SMARTCORE, LLC GROUP HEALTH** | ) | |
| **BENEFIT PLAN,** | ) | |
| **SMARTCORE ELECTRICAL** | ) | |
| **SERVICES, LLC,** | ) | |
| **SMARTCORE ELECTRIC, LLC,** | ) | |
| **SMARTCORE, LLC,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

This written order is intended to memorialize the Court's oral orders issued on March 26, 2019 and to revise and supplement this Court's earlier pretrial orders. (Doc. Nos. 35, 86). As stated in open court on March 26, the Court finds good cause to allow Defendant's counsel to withdraw from this matter; thus, the pending Motions to Withdraw (Doc. Nos. 94, 95) are GRANTED. In addition, the Court finds that an award of sanctions for extra costs and reasonable attorney fees resulting from the delay of this case should be awarded to Plaintiffs.[1] Plaintiffs are therefore DIRECTED to file a bill of costs for the sanctions they believe they are entitled to within thirty

---

[1] The Court notes that Defendants Good and Winn, appearing *pro se*, consented to these sanctions if the final amount was reasonable.

(30) days of this order's entry. Furthermore, Plaintiff's Motion to Take Deposition, (Doc. No. 100), is GRANTED subject to the modifications contained within this order.

**PRETRIAL AND TRIAL PROCEDURES**

a. **Counsel.** The corporate entities in this matter (Smartcore, LLC Group Health Benefit Plan, Smartcore Electrical Services, LLC, SmartCore Electric, LLC, and Smartcore LLC) cannot proceed *pro se* in this matter. See Rowland v. California Men's Colony, 506 U.S. 194, 201–02 (1993); United States v. Lavabit, LLC (In re Under Seal), 749 F.3d 276, 290 n.17 (4th Cir. 2014) (stating that corporations and similarly, LLCs, cannot proceed in federal court without counsel). Thus, these corporate entities will have thirty (30) days to secure counsel or risk being found in default. **These Defendants are ORDERED to file written notice to the Court upon securing counsel.**

b. **Trial.** This case shall be tried **without** a jury. Counsel should be prepared to proceed to trial on **June 4, 2019. The Court anticipates trial to last for one (1) day. Parties are hereby placed on notice that this case will not be continued again absent extraordinary circumstances.**

c. **Final Pretrial Conference.** The Court will not hold a final pretrial conference.

d. **Pretrial Submissions.** The Court requires the following pretrial submissions to be jointly drafted and submitted to Chambers by **May 21, 2019.**

   i. Proposed Pretrial Order. This document shall contain:

   1) Stipulations as to all issues of law or fact to which the parties can agree for purposes of streamlining trial. If a party fails to stipulate to a fact (*e.g.*, the authenticity of a document) without articulating a good faith basis for disputing it, the Court shall assess against that party the

opposing party's costs (including the cost of subpoena service, witness travel costs and fees, and reasonable attorney's fees) incurred in proving the fact at trial. See Fed. R. Civ. P. 37(c)(2).

2) A brief synopsis (no argument) of the legal or factual contentions about which the parties have been unable to stipulate. Any advocacy should be reserved for a trial brief which may be submitted as provided in Paragraph 4(d) below.

3) A list of exhibits that each party may offer at trial (except those offered solely for impeachment or cross-examination), numbered sequentially; a brief description of the exhibit; any stipulations as to authenticity or admissibility; and the basis for any objections. This information shall be entered into a table in substantially the following format (the last two columns should be left blank to be completed by the courtroom clerk at trial):

| Exh. No. | Description | Stipulation – Authenticity | Stipulation – Admissibility | Objections | Identified By | Admitted |
|---|---|---|---|---|---|---|
| 1 | Police Report | Yes | No | Hearsay | | |
| 2 | Draft of Contract | No | No | Foundation, Relevance, Parol Evidence | | |

(5) Designations by volume, page and line of all portions of pleadings and discovery materials, including depositions, interrogatories, and requests for admission, that each party may offer at trial (except those offered solely for impeachment or cross-examination); cross-

designations; a brief description of the substance of the designation; and the basis for any objections. This information should be entered into a similar table format as the exhibit list.

(6) A list of the names and addresses of all witnesses each party may offer at trial, together with a brief statement of what counsel proposes to establish by their testimony.

(7) A statement of the qualifications of any expert witness a party may offer at trial, unless the parties have stipulated to the qualifications of the expert witness as provided above.

ii. <u>Exhibit Notebooks.</u> Copies of all proffered documentary exhibits (including designated portions of discovery materials), properly bound, indexed, and tabbed.[2] In addition, in order to facilitate publishing exhibits electronically through the multimedia technology available in the courtroom, counsel shall submit to Chambers a CD-ROM containing the pertinent files (in JPEG or PDF format for documents and images and MPEG format for audio/video), named according to the corresponding exhibit number assigned to the exhibit in the proposed pretrial order. These exhibit notebooks and CD-ROMs are to be courtesy copies for the Court's personal use at trial. <u>Counsel should be aware that each party will</u>

---

[2] The Court requests <u>only one</u> complete exhibit notebook.

<u>bear sole responsibility for maintaining the actual exhibits offered by that party and admitted at trial.</u> All working drafts of documents (*e.g.*, the proposed pretrial order) shall be submitted to Chambers electronically, in either WordPerfect (WPD) or Rich Text (RTF) format, utilizing the CyberClerk feature of CM/ECF. Submissions required to be made in a tangible medium (*e.g.*, hard copies of papers and exhibits) must be sent so as ensure their receipt in Chambers by the deadlines set forth herein.

    **d.**    **Trial Briefs and Motions *in limine*.** To the extent that contested issues of law can be anticipated in advance of trial, trial briefs and/or motions *in limine*,[3] if appropriate, **shall be filed by May 27, 2019**. Written responses **shall be due on May 30, 2019**. Word limits for motions *in limine* shall be governed by Paragraph 3(c)(i) and word limits for trial briefs shall be governed by Paragraph 3(c)(ii) of the original case management order.

    **e.**    **Proposed Findings of Fact and Conclusions of Law.** Proposed findings of fact and conclusions of law shall be due on **May 21, 2019.**

    **f.**    ***De Bene Esse* Depositions.** For good cause shown, Plaintiffs are granted leave to take *de bene esse* depositions of Judy Funk and Bernadette Silvestri, both of Star Marketing and Administration, Inc. d/b/a Starmark Inc. Plaintiffs shall conduct these depositions on or before **May 15, 2019**. Defendants shall be

---

[3] Due to the more informal nature of a bench trial, a motion *in limine* should not be filed if the objection is susceptible to resolution in the course of trial.

properly noticed as set forth in Rules 30 and 45 of the Federal Rules of Civil Procedure. Defendants may choose to participate in these *de bene esse* depositions; however, if they choose not to do so, they will waive the right to examine these witnesses at trial.

    g.    **Trial Subpoenas. <u>Counsel must subpoena all witnesses by May 21, 2019</u>**<u>.</u> The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline. Parties are directed to subpoena all witnesses who have filed an affidavit/declaration in this case.

<u>The Clerk of Court is respectfully DIRECTED to send copies of this order to pro se Defendants Good and Winn at the following addresses.</u>[4]

> Steven M. Good
> 11118 Barnyard Ct.
> Matthews, NC 28105
>
> William H. Winn, Jr.
> 1533 Ideal Way
> Charlotte, NC 28203

    IT IS SO ORDERED.

Signed: April 3, 2019

_____
Frank D. Whitney
Chief United States District Judge

---

[4] These addresses were provided to the Court in Defendant's counsel's recent certificate of service. (Doc. No. 99).