IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:17-cv-00643-FDW-DCK

ERIC KINSINGER and DENISE KINSINGER,

    Plaintiffs,

v.

STEVEN MATTHEW GOOD, WILLIAM H. WINN, JR., SMARTCORE, LLC GROUP HEALTH BENEFIT PLAN, SMARCORE ELECTRICAL SERVICES, LLC, SMARTCORE ELECTRIC, LLC, and SMARTCORE, LLC,

    Defendants.

## DEFENDANT WILLIAM H. WINN, JR'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter is before the Court pursuant to its Order dated April 3, 2019. Defendant William H. Winn, Jr. ("Winn") requests the Court find and conclude as follows:

### FINDINGS OF FACT

1. Plaintiff Eric Kinsinger worked as an employee for SmartCore, LLC and participated in its healthcare benefits plan on behalf of himself and his wife, Plaintiff Denise Kinsinger.

2. SmartCore contracted with Star Marketing and Administration, Inc. ("Starmark") to serve as the administrator of the plan, making eligibility and benefits determinations.

3. While Eric Kinsinger remained employed by SmartCore, Denise Kinsinger arranged to undergo an elective hysterectomy on or about January 8, 2016.

4. This procedure was not medically necessary as defined by SmartCore's benefits plan.

5. The pre-certification notice states that it is not a guarantee of benefits.

6. Plaintiffs learned and were aware that Starmark had denied coverage for the procedure in question on January 7, 2016, the day before the procedure was scheduled to occur, as the result of a phone call from Starmark.

7. On or about January 8, 2016, Mrs. Kinsinger had the procedure in question at Carolinas HealthCare in Pineville, North Carolina.

8. On or about February 8, 2016, Starmark informed SmartCore that Starmark had cancelled SmartCore's health insurance coverage as of January 1, 2016.

9. On February 15, 2016, Eric Kinsinger e-mailed Winn and informed Winn that Mr. Kinsinger was aware that Starmark had cancelled SmartCore's coverage.

10. SmartCore's principals, Winn and Steven Matthew Good, sent a letter to all SmartCore employees on February 19, 2016 indicating that SmartCore's insurance had been cancelled.

11. On March 31, 2016, responding to a letter from counsel representing Plaintiffs, SmartCore sent a letter to Plaintiffs enclosing a copy of the plan documents, which all employees including Mr. Kinsinger had already received.

12. SmartCore's benefits plan provides that any denial of benefits must be appealed within 180 days of the denial.

13. Plaintiffs did not file any such appeal until September 23, 2016, which was more than 180 days (i) after Starmark denied benefits for Mrs. Kinsinger's procedure in the phone call to Mr. Kinsinger on January 7, 2016; (ii) more than 180 days after Eric Kinsinger e-mailed Winn on February 15, 2016, acknowledging the cancellation of SmartCore's insurance as of January 1, 2016; and (iii) more than 180 days after SmartCore's letter to all employees on

February 19, 2016 informing them of Starmark's cancellation, retroactive to January 1, 2016, of SmartCore's insurance coverage.

## CONCLUSIONS OF LAW

1. Denise Kinsinger's surgery was not medically necessary, within the meaning of the Plan.

2. Defendants Good, Winn, and SmartCore did not breach their fiduciary duties under 29 U.S.C. §1132(a)(2), ERISA §502(a)(2).

3. Plaintiffs are not entitled to other appropriate equitable relief under 29 U.S.C. §1132(a)(3), ERISA §502(a)(3).

4. Plaintiffs failed to exhaust their administrative remedies under ERISA by filing an appeal within the requisite period.

**5.** Defendants Good and Winn met their duty to furnish Plan documents to Plaintiffs upon written request.

Respectfully submitted this the 21st day of May, 2019.

BELL, DAVIS & PITT, P.A.

/s/ Marc E. Gustafson
Marc E. Gustafson, N.C. State Bar No. 34429
227 W. Trade Street, Suite 1800
Charlotte, NC 28202
Telephone: (704) 227-0400
Email: mgustafson@belldavispitt.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Findings of Fact and Conclusions of Law was filed electronically in accordance with the local rules and was therefore served electronically on the entities that have properly registered for such electronic service by CM/ECF.

/s/ Marc E. Gustafson
Marc E. Gustafson