**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:17-cv-00643-FDW-DCK**

ERIC KINSINGER and )
DENISE KINSINGER, )
                                                   )
     Plaintiffs, )
                                                   )
vs. )
                                                   )
SMARTCORE, LLC; )
SMARTCORE ELECTRIC, LLC; )
SMARTCORE ELECTRICAL SERVICES, LLC; )
SMARTCORE, LLC GROUP HEALTH )
BENEFIT PLAN; )
STEVEN MATTHEW GOOD; WILLIAM H. )
WINN JR., )
                                                   )
     Defendants. )
                                                   )

**Proposed Pretrial Order**

Pursuant to the Court's Order (Dkt.#86) in this matter, Plaintiffs Eric Kinsinger and Denise Kinsinger ("Plaintiffs") and Defendants SmartCore, LLC ("SmartCore"); SmartCore Electric, LLC; SmartCore Electrical Services, LLC; SmartCore, LLC Group Health Benefit Plan ("Plan"); and William H. Winn, Jr. (collectively, "Defendants")[1] file this Proposed Pretrial Order stating the following:

**I.    Joint Statement of the Case**

Plaintiffs allege five causes of action:

---

[1] Plaintiffs and Defendants have contacted Defendant Steven Matthew Good on several occasions seeking his participation in pre-trial filings and preparation for the upcoming June 4, 2019 trial date. However, Mr. Good has failed to respond to Plaintiffs' and Defendants' requests.

1. A claim for benefits under the Plan against SmartCore, Good, Winn, and the Plan pursuant to 29 U.S.C §1132(a)(1)(B) based on the Plan's failure to pay for Denise Kinsinger's January 8, 2016 hysterectomy surgery and related care;

2. A claim for breach of fiduciary duty under 29 U.S.C. §1132(a)(2) against SmartCore, Good, and Winn for their failure to pay withheld participant contributions to Starmark and Trustmark for Health Plan Expenses;[2]

3. A claim for injunctive and other appropriate equitable relief under 29 U.S.C. §1132(a)(3) by SmartCore, Good, and Winn for (i) failure to pay withheld participant contributions to Star Marketing and Administration, Inc. d/b/a Starmark, Inc. (Starmark) and Trustmark Life Insurance Company (Trustmark) for Health Plan Expenses (misappropriation of Plan assets), and (ii) misrepresentations made by the Plan to Denise and Eric Kinsinger regarding coverage by the Plan of Denise's surgery. Plaintiffs' claim for other equitable relief is plead in the alternative to their claims under 29 U.S.C. §1132(a)(2) and 29 U.S.C §1132(a)(1)(B).

4. A claim for failure to provide Plan documents against Good and Winn under 29 U.S.C. §1132(c), the documents being: (i) the Plan document, (ii) the summary plan description, (iii) the Trustmark policy providing stop-loss insurance to SmartCore, and (iv) the Administrative Services Agreement between Starmark and SmartCore.

5. A claim for attorneys' fees, interest, and costs pursuant to 29 U.S.C. §1132(g).

## II. Stipulations of Fact

The parties hereby stipulate that the following facts are true and accurate for purposes of this litigation:

---

[2] See definition of Health Plan Expenses *infra* at §II, ¶18.

*SmartCore, LLC Organization:*

1. William H. Winn Jr. (Winn) was President of SmartCore.

2. Steven Matthew Good (Good) was a principal of SmartCore.

3. Good and Winn were the only members (owners) of SmartCore and were its sole managers.

4. Good and Winn hired employees of SmartCore, including Eric Kinsinger.[3]

5. In October 2014, Eric was hired as a full-time employee of SmartCore, LLC.

6. Defendant Winn terminated some employees of SmartCore, but always in conjunction with Cara Lear or Jennifer Lazenby. Defendant Good terminated employees of SmartCore.

7. Good and Winn bargained with, and set terms and conditions of employment, for employees of SmartCore.

8. Good and Winn controlled all management, operational, and employment aspects of SmartCore.

9. Good and Winn made the decision for SmartCore to cease active business activities.

*Plan Organization*

10. SmartCore adopted the SmartCore, LLC Group Health Plan ("Plan") on December 18, 2015, with an effective date of December 1, 2015.

11. The Plan is a group health plan providing payment for major medical benefits including prescription drug coverage to SmartCore employees.

12. SmartCore is the Plan Sponsor and was the Plan Administrator of the Plan.

---

[3] For clarity, Plaintiff Eric Kinsinger will hereafter be referred to as Eric, and Plaintiff Denise Kinsinger will be referred to as Denise.

13. The Plan provides benefits for "Medically Necessary care and treatment of Sickness or injury." Medically Necessary is defined as: "[a] service, drug, or supply that is necessary and appropriate for the diagnosis or treatment of a Sickness or Injury in accordance with generally accepted standards of medical practice in the U.S. at the time the service, drug, or supply is provided." Sickness is defined as "Illness, disease, or Complications of Pregnancy which cause a covered loss while a person's coverage is in force; and for any Comprehensive Medical Benefits, congenital defects, birth abnormalities and prematurity of a covered newborn child."

14. Under the terms of the Plan, SmartCore was responsible to pay "Plan benefits and administration expenses directly from general assets."

15. SmartCore entered into an administrative services agreement with Starmark wherein in exchange for payment from SmartCore, Starmark agreed to provide certain services relating to the administration of the Plan.

16. Starmark was the initial claims fiduciary for the Plan, charged with making eligibility and benefits determinations under the Plan.

17. SmartCore also purchased stop-loss insurance from Trustmark. Under the terms of the stop-loss policy, in exchange for SmartCore's payment of premiums, Trustmark agreed to reimburse SmartCore for a certain portion of the "reasonable and customary fee actually paid by [SmartCore] for eligible benefits under the Plan."

18. Starmark and Trustmark are affiliated entities. Therefore, under the various agreements, SmartCore was responsible to make a monthly payment to Starmark to pay for (1) the premiums owed to Trustmark for the stop-loss insurance policy, (2) benefits paid under the

plan administered by Starmark, and (3) Starmark's services. (Collectively, "Health Plan Expenses")

19. As of December 31, 2015, there were a total of eighty-nine (89) participants in the Plan, fifty-seven (57) of whom were employees of SmartCore, and thirty-two (32) of whom were dependents of the employee participants.

20. Eric was a participant in the Plan because of his employment with SmartCore.

21. Denise was a participant in the Plan as a dependent of her husband, Eric.

22. Eric and Denise were covered participants in the Plan from the date of the Plan's effective date on December 1, 2015 until Eric's resignation from SmartCore on or about February 29, 2016.

*Treatment Incurred*

23. On December 9, 2015, Denise had an appointment with Dr. Pillai at Piedmont GYN/OB Ballantyne of Carolinas Health Care System ("CHS Piedmont").

24. Dr. Pillai diagnosed Denise with Menorrhagia and Adenomyosis.

25. Menorrhagia is the medical term for menstrual periods with abnormally heavy or prolonged bleeding.

26. Adenomyosis is a condition where endometrial tissue grows into the muscular wall of the uterus.

27. Denise underwent an endometrial biopsy. Dr. Pillai recommended a hysterectomy to treat Denise's condition.

28. Starmark, acting on behalf of the Plan, had Dr. Matthew Zawelinski, a medical doctor, review Denise's claim. Dr. Zawelinski pre-authorized the procedure as medically necessary and eligible for benefits under the Plan.

29. On January 8, 2016, Starmark notified CHS Piedmont, Denise, and Eric that the planned hysterectomy met the criteria for pre-authorization. Starmark granted pre-authorization for this service beginning January 8, 2016.

30. On January 8, 2016, Denise was admitted to Carolinas HealthCare System-Pineville Facility and received the pre-authorized treatment.

31. On or about January 21, 2016, Carolinas Health Care System sent a bill to the Plan in the amount of $39,931.45 for the hysterectomy and related treatment.

*Plan Funding*

32. To fund the Plan, SmartCore withheld monies from the paychecks of SmartCore employees participating in the Plan, including Eric's paychecks.

33. SmartCore, Good and Winn stopped paying any of the money necessary to fund the Plan or to pay Health Plan Expenses.

34. SmartCore, Good and Winn were not using the money withheld from participants' paychecks to pay Health Plan Expenses to Starmark/Trustmark or to pay Plan benefits.

35. SmartCore, Good and Winn did not pay to Starmark or Trustmark the monies that were withheld from employees' paychecks for Health Plan Expenses, but instead used such monies for other purposes.

36. On February 5, 2016, Starmark notified SmartCore that it was cancelling the stop-loss insurance and its administrative services contract with SmartCore retroactively because SmartCore had failed to make payments for Health Care Expenses as required.

37. Attached as Exhibit A is an email that William Winn sent to SmartCore employees on February 18, 19, and 23, 2016.

38. Attached as Exhibit B is a resignation letter Eric Kinsinger sent to SmartCore dated February 18, 2016.

39. On February 19, 2016 Eric received a letter from "SmartCore Leadership" regarding "Cancellation of Medical Insurance Policy." The letter states: "As you may know, our insurance was cancelled effective 1/1/2016 for non-payment. We were not made aware of this until 2/8/2016. We have made every effort to secure the funds to reinstate the insurance; however, at this time, we have not been able to do so."

*Denial of Benefits*

40. Denise's medical claim under the Plan was not paid by the Plan.

41. On March 31, 2016, the Benefits Committee at SmartCore, LLC, identified itself as Plan Administrator for the Plan and refused to pay Plaintiffs' claim for benefits.

42. The Benefits Committee consisted of Good and Winn.

43. Good and Winn are the Plan Administrators of the Plan on and after March 31, 2016.

44. After March 31, 2016, Good and Winn were responsible for both evaluating and paying claims under the Plan.

45. The March 31, 2016 letter further informed Plaintiffs that the Plan and Plan Administrator (Good and Winn) are required to comply with ERISA.

46. On or about September 23, 2016, Plaintiffs filed an appeal with the Benefits Committee and Starmark.

47. Plaintiffs did not receive a response to their appeal.

48. Good and Winn did not have a medical doctor review Denise's medical information regarding her claim for medical benefits.

49. Good and Winn did not respond to Plaintiffs' appeal regarding medical benefits under the Plan.

*Request for Plan Documents*

50. On June 3, 2016, Eric wrote the Benefits Committee, as Plan Administrator, and requested documents for the Plan, including any insurance policies or documents under which the Plan was established or operated.

51. The parties agree that a copy of the letter Eric wrote the Benefits Committee is attached as Exhibit C.

52. The plan document, summary plan description, insurance contract between Trustmark and SmartCore, and the Administrative Services Agreement between SmartCore and Starmark are the documents that establish and govern the Plan.

53. Good and Winn, as Benefits Committee members, received the request on June 7, 2016.

54. Good and Winn provided a copy of the Plan document, summary plan description, and Trustmark Administrative Services Agreement on July 25, 2018 in response to Plaintiffs' discovery requests in this litigation. They did not provide a copy of the applicable stop-loss insurance contract from Trustmark.

**III. Stipulations of Law**

1. The Court has jurisdiction over this case pursuant to 26 U.S.C. §1331 because Plaintiffs' claims all arise under the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA"). See also 29 U.S.C. §1132(e)(1).

2. Venue is proper in this Court because the Plan is administered in this District and Defendants the Plan, Winn, and SmartCore reside and may be found in this District. 29 U.S.C. §1132(e)(2).

3. The Plan is subject to ERISA because it is a "welfare benefit plan" pursuant to 29 U.S.C. §1002(1) in that it was sponsored by SmartCore, LLC, the employer of Plaintiff Eric Kinsinger, for the purpose of providing medical, surgical, hospital, and sickness benefits to employees of SmartCore.

4. Plaintiffs allege five causes of action:

   a. A claim for benefits under the Plan against Good, Winn, and the Plan pursuant to 29 U.S.C §1132(a)(1)(B) based on the Plan's failure to pay for Denise Kinsinger's January 8, 2016 hysterectomy surgery and related treatment;

   b. A claim for breach of fiduciary duty under 29 U.S.C. §1132(a)(2) against SmartCore, Good, and Winn for their failure to pay withheld participant contributions to Starmark and Trustmark for Health Plan Expenses;

   c. A claim for other appropriate equitable relief under 29 U.S.C. §1132(a)(3) by SmartCore, Good, and Winn for (i) failure to pay withheld participant contributions to Starmark and Trustmark for Health Plan Expenses (misappropriation of Plan assets), and (ii) misrepresentations to Denise and Eric

Kinsinger regarding coverage by the Plan of Denise's surgery. Plaintiffs' other appropriate equitable relief claim is plead in the alternative to their claims under 29 U.S.C. §1132(a)(2) and 29 U.S.C §1132(a)(1)(B).

    d.    A claim for failure to provide Plan documents against Good and Winn under 29 U.S.C. §1132(c), the documents being (i) the Plan document, (ii) the summary plan description, (iii) the Trustmark Insurance policy providing stop-loss insurance to SmartCore, and (iv) the Administrative Services Agreement between Starmark and SmartCore.

    e.    A claim for attorneys' fees, interest, and costs pursuant to 29 U.S.C. §1132(g).

5.    Eric and Denise Kinsinger were participants in the Plan from the inception of the Plan on December 1, 2015 until February 29, 2015, when Eric Kinsinger resigned his employment with SmartCore, LLC.

6.    The Plan has not paid for Denise Kinsinger's January 8, 2016 hysterectomy surgery.

7.    The Court reviews the denial of Plan benefits under the *de novo* standard of review. *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989).

8.    Matthew Good is a fiduciary within the meaning of 29 U.S.C. §1002(21)(A) because:

    a.    he exercised discretionary authority and discretionary control respecting management of the Plan by communicating with participants, undertaking responsibility to review and decide Plan claims, and directing the use of assets of the Plan;

  b. he exercised authority and control respecting management and disposition of the assets of the Plan in the form of participant contribution by directing that they not be paid for Health Plan Expenses and instead be used for other purposes;

  c. he has discretionary authority and discretionary responsibility in the administration of the Plan by virtue of being the plan administrator of the Plan (within the meaning of 29 U.S.C. §1002(16)(A)).

9. William Winn is a fiduciary within the meaning of 29 U.S.C. §1002(21)(A) because

  a. he exercised discretionary authority and discretionary control respecting management of the Plan by communicating with participants, undertaking responsibility to review and decide Plan claims, and directing the use of assets of the Plan;

  b. he exercised authority and control respecting management and disposition of the assets of the Plan in the form of participant contribution by directing that they not be paid for Health Plan Expenses and instead be used for other purposes;

  c. he has discretionary authority and discretionary responsibility in the administration of the Plan by virtue of being the plan administrator of the Plan (within the meaning of 29 U.S.C. §1002(16)(A)).

10. Good and Winn directed that money withheld from Plan participants' paychecks not be paid for Health Plan Expenses and instead be used for other purposes.

11. Monies withheld from participants' paychecks for the purpose of Health Care Expenses are assets of the Plan, within the meaning of 29 U.S.C. §1002(42) and 29 C.F.R. §2510.3-102(a)(1).

12. The Plan is established and operated under four documents:

   a. The Plan document;

   b. The summary plan description;

   c. The Administrative Services Agreement between Starmark and SmartCore; and

   d. The stop-loss insurance contract issued by Trustmark providing stop-loss coverage solely to SmartCore.

13. 29 U.S.C. §1024(b)(4) provides that "[t]he administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."

14. An administrator who fails to produce required documents is subject to a monetary penalty, in the Court's discretion, of up to $110.00/day. 29 U.S.C. § 1132(c)(1)(B)); 29 CFR 2575.502c-1 (raising penalty for violations from $100.00/day to $110.00/day). Each violation is considered a separate violation. 29 U.S.C. §1132(c)(1)(B).

15. No finding of prejudice to Plaintiffs is required for the Court to assess damages. *Carroll v. Cont'l Auto., Inc.*, 685 Fed.Appx. 272, 276-77 (4th Cir. 2017) ("Although findings of prejudice and bad faith may be relevant to a penalty determination, courts analyzing ERISA do not condition the imposition of penalties on the existence of such findings.")

IV. **Synopsis of Factual or Legal Contentions**

   a. The parties dispute whether Denise Kinsinger's surgery was medically necessary, within the meaning of the Plan. Defendants contend it was not; Plaintiffs contend it was.

   b. The parties dispute whether Defendants Good, Winn, and SmartCore breached their fiduciary duties under 29 U.S.C. §1132(a)(2), ERISA §502(a)(2). Defendants contend they did not. Plaintiffs contend they did.

   c. The parties dispute whether Plaintiffs are entitled to other appropriate equitable relief under 29 U.S.C. §1132(a)(3), ERISA §502(a)(3). Plaintiffs contend they are entitled to such relief in the alternative; Defendants contend that Plaintiffs are not entitled to any such relief.

   d. The parties dispute whether Plaintiffs exhausted their administrative remedies under ERISA. Defendant Winn contends they did not. Plaintiffs contend they did.

   e. The parties dispute whether Defendants Good and Winn met their duty to furnish Plan documents to Plaintiffs upon written request. Defendant Winn contends they did. Plaintiffs contend they did not.

   f. The parties dispute whether Plaintiffs are entitled to attorneys' fees and costs under ERISA, if Plaintiffs prevail on one or more of their claims for relief.

V. **List of Exhibits**

| Ex. No. | Description | Reference | Stipulation-Authenticity | Stipulation-Admissibility | Objections | Identified By | Admitted |
|---|---|---|---|---|---|---|---|
| A | Administrative Record | Dkt.##69 – 69-10; | Yes | Yes | None | | |
| A-1 | Plan & Summary Plan Description | AR3-53; Depo Ex. 6 | Yes | Yes | None | | |
| A- | Preapproval Packet | AR 54-79 | Yes | No | None | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2 | | Depo Ex. 1 | | | | | |
| A-3 | Preapproval Letter | AR-80; Depo Ex. 2 | Yes | Yes | None | | |
| A-4 | CHS Bills | AR 81-82 | Yes | Yes | None | | |
| A-5 | Starmark Repricing Sheet | AR 83 | Yes | Yes | None | | |
| A-6 | Starmark EOB | AR 84 | Yes | Yes | None | | |
| A-7 | SmartCore Benefits Committee 3/31/16 Letter to Eric Kinsinger | AR85-86 | Yes | Yes | None | | |
| A-8 | 6/3/16 Request for Administrative Record | AR 87-88 | Yes | Yes | None | | |
| A-9 | 6/3/16 Request for Plan Documents | AR 89 | Yes | Yes | None | | |
| A-10 | Appeal Letter and Exhibits | AR 90-211 | Yes | Yes | None | | |
| A-11 | Surgery Records | AR 212-487 | Yes | Yes | None | | |
| B | Administrative Services Agreement | Depo Ex. 3 | Yes | Yes | None | | |
| C | Stop-Loss Insurance Contract | Depo Ex. 7 | Yes | Yes | None | | |
| D | Starmark Bills to SmartCore | Depo Ex. 8 | Yes | Yes | None | | |
| E | Starmark 02/05/16 Letter to SmartCore terminating relationship | Star 202; Depo Ex. 9 | Yes | Yes | None | | |
| F | CHS Bills as Received by Starmark and Starmark EOB | Depo Ex 10 | Yes | Yes | None | | |
| G | Eric Kinsinger's Pay Stubs | Kinsinger 23-25 | Yes | Yes | None | | |
| H | Kinsinger Insurance Card | Kinsinger 26-27 | Yes | Yes | None | | |
| I | Feb 15-16 Email Exchange Winn & Kinsinger | Kinsinger 501-502 | Yes | Yes | None | | |
| J | Feb 19, 2016 Notice of Cancellation of Insurance | Kinsinger 499-500 | Yes | Yes | None | | |

| Ex. No. | Description | Pin Cites/Portions | Stipulation-Authenticity | Stipulation-Admissibility | Objections | Identified By | Admitted |
|---|---|---|---|---|---|---|---|
| K | Letter RE Cancellation of Medical Coverage (Undated) | Kinsinger 556-557 | Yes | Yes | None | | |
| L | CMR for Plan Documents | Kinsinger 577 | Yes | Yes | None | | |
| M | CHS Bills | Kinsinger 496-498 | Yes | Yes | None | | |
| N | Dr. Pillai Illustration | Depo Ex. 17 | Yes | Yes | None | | |

## VI. Designation of Pleadings and Discovery Materials to Be Offered at Trial

| Ex. No. | Description | Pin Cites/Portions | Stipulation-Authenticity | Stipulation-Admissibility | Objections | Identified By | Admitted |
|---|---|---|---|---|---|---|---|
| O | Judy Funk Deposition | | Yes | Yes | None | | |
| P | Bernadette Silvestri Deposition | | Yes | Yes | None | | |
| Q | Priya Pillai, M.D. Deposition | | Yes | Yes | None | | |
| R | Winn & Good Admissions | #3, 5, 4, 6, 11, 13 | Yes | Yes | None | | |
| S | Winn & Good Interrogatory Responses | #6, 10 | Yes | Yes | None | | |
| T | Corporate Entity Interrogatory Responses | #7, 10, 11, 12, 13 | Yes | Yes | None | | |
| U | Declaration of William H. Winn, Jr. | | Yes | No | Hearsay; relevance; not part of the Administrative Record; lack of personal knowledge; failure to comply with ERISA claims regulation | | |
| U-1 | Email from Eric Kinsinger dated February 15, 2016 | | Yes | Yes | None | | |
| V | Declaration of Steven | | Yes | No | Hearsay; | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | Matthew Good dated December 17, 2018 | | | | relevance; not part of the Administrative Record; lack of personal knowledge; failure to comply with ERISA claims regulation | | |
| V-1 | Letter from SmartCore to Employees dated February 19, 2016 | | Yes | Yes | None | | |
| V-2 | Letter from Starmark to Carolinas Healthcare dated January 8, 2016 | | Yes | Yes | None | | |
| V-3 | Letter from SmarCore to Eric Kinsinger dated March 31, 2016 | | Yes | Yes | None | | |
| V-4 | SmartCore LLC Group Health Benefit Plan | | Yes | Yes | None | | |
| W | Declaration of Deborah Anne Good | | Yes | No | Hearsay; relevance; ; not part of the Administrative Record; lack of personal knowledge; failure to comply with ERISA claims regulation | | |
| X | Declaration of Jared Crafton Crook dated December 18, 2018 | | Yes | No | Hearsay; relevance; not part of the Administrative Record; lack of personal knowledge; failure to comply with ERISA claims regulation | | |

**VII. List of Witnesses**

| Witness Name | Called By | Address | Anticipated Testimony |
|---|---|---|---|
| Eric Kinsinger | Plaintiffs | | • Explain the relationship of the parties;<br>• Winn and Good's management of SmartCore<br>• SmartCore, Winn, and Good's representations to Eric Kinsinger and other plan participants about health coverage and the Plan;<br>• SmartCore, Winn, and Good's practice of withholding premiums from plan participant's paychecks;<br>• Denise Kinsinger's need for and receipt of medical treatment;<br>• Communications between the parties surrounding the preapproval of Denise's hysterectomy;<br>• SmartCore's failure to provide benefits and the resulting harm to Plaintiffs;<br>• Eric Kinsinger's request for Plan Documents;<br>• The failure of the SmartCore Benefits Committee to provide the plan Documents |
| Denise Kinsinger | Plaintiffs | | • Denise Kinsinger's need for and receipt of medical treatment;<br>• SmartCore's failure to provide benefits and the resulting harm to Plaintiffs; |
| Judy Funk | Plaintiffs | (*de bene esse* deposition completed 5/1/19) | • Explained Starmark's procedure for determining medical necessity and preapproving medical claims.<br>• Dr. Zawilenski determined the hysterectomy was medically necessary during the preapproval process.<br>• Starmark refused to review the claim after the surgery was completed due to SmartCore's nonpayment. |
| Bernadette Silvestri | Plaintiffs | (*de bene esse* deposition completed 5/1/19) | • The contractual relationships established between SmartCore, Starmark, and the Trustmark entities to fund and operate the Plan;<br>• The Plan was self-funded by SmartCore;<br>• SmartCore hired Starmark to process claims made under the Plan<br>• SmartCore failed to make the payments it promised to Starmark for claims administration and stop-loss premiums; |

| | | | |
|---|---|---|---|
| | | | - Starmark terminated its claims-processing services on account of SmartCore's nonpayment;<br>- Trustmark terminated the stop-loss insurance on account of SmartCore's nonpayment;<br>- Starmark refused to process the Kinsinger's claim for benefits or appeal on account of SmartCore's nonpayment; |
| Priya Pillai, M.D. | Plaintiffs | (*de bene esse* deposition completed 5/10/19) | - The hysterectomy was a necessary and appropriate treatment for Denise Kinsinger's medical illnesses of menorrhagia and adenomyosis. |
| Jared Crook | Plaintiffs/ | | - Winn and Good were principals of SmartCore and responsible for making decisions about the Company.<br>- Winn and Good were responsible for directing payments on behalf of SmartCore.<br>- |
| Jared Crook | Defendant Winn | | - Eric Kinsinger's statements regarding denial of Denise Kensinger's medical procedure. |
| Deborah Good | Defendant Winn | | - Starmark's denial of coverage for Denise Kensinger's medical treatment. |
| William H. Winn, Jr. | Defendant Winn | | - Submission of Denise Kensinger's claim for medical benefits and the absence of any medical necessity.<br>- Provision of Plan documents to SmartCore employees. |
| Steven Matthew Good | Defendant Winn | | - Submission of Denise Kensinger's claim for medical benefits and the absence of any medical necessity.<br>- Provision of Plan documents to SmartCore employees. |
| Priya Pillai, M.D. | Defendant | (*de bene esse* deposition completed 5/10/19) | - Denise Kinsinger's hysterectomy was elective. |

Respectfully submitted,

This 21st day of May 2019.

*/s/Bryan L. Tyson*
Bryan L. Tyson
*/s/ Rachel C. Matesic*
Rachel C. Matesic
**Marcellino & Tyson, PLLC**
2820 Selwyn Ave., Suite 350
Charlotte, NC 28209
(704) 919-1519 (telephone)
(980) 219-7025 (facsimile)
E-mail: bryan@yourncattorney.com
E-mail: rachel@yourncattorney.com

Attorneys for Plaintiffs


*/s/ Marc E. Gustafson*
Marc E. Gustafson, N.C. State Bar No. 34429
Bell, Davis & Pitt, P.A.
227 W. Trade Street, Suite 1800
Charlotte, NC 28202
Telephone: (704) 227-0400
Email: mgustafson@belldavispitt.com

Attorneys for Defendant William Winn

*/s/ Eric Spengler*
Eric Spengler (N.C. Bar #47165)
SPENGLER & AGANS, PLLC
352 N. Caswell Road
Charlotte, NC 28204
eric@spengleraganslaw.com
(704) 910-5469 (phone)
(704) 730-7861 (fax)

Attorneys for Defendants SmartCore, LLC; SmartCore Electric, LLC; SmartCore Electrical Services, LLC; and SmartCore, LLC Group Health Benefit Plan