# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# Case No. 3:17-cv-00643-FDW-DCK

| | |
|---|---|
| ERIC KINSINGER and<br>DENISE KINSINGER,<br><br>    Plaintiffs,<br><br>vs.<br><br>SMARTCORE, LLC;<br>SMARTCORE ELECTRIC, LLC;<br>SMARTCORE ELECTRICAL SERVICES, LLC;<br>SMARTCORE, LLC GROUP HEALTH<br>BENEFIT PLAN; STEVEN MATTHEW<br>GOOD; and WILLIAM H. WINN JR.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR SANCTIONS AGAINST DEFENDANT STEVEN MATTHEW GOOD**

Plaintiffs Eric and Denise Kinsinger ("Plaintiffs") move the Court to impose appropriate sanctions, up to and including rendering a default judgment and striking his Answer, on Defendant Steven Matthew Good for his ongoing failure to engage in trial preparation in compliance with the Court's April 3, 2019 Pre-Trial Order (Dkt.# 101) ("Order"); his failure to respond to counsel's 14 communications since March 29, 2019 concerning pretrial and trial preparation; and his failure to respond to this Court's May 24, 2019 Show Cause Order (Dkt# 111) ("Show Cause Order").

As grounds for their motion, Plaintiffs state:

1. On March 26, 2019, the Court held a hearing wherein counsel for Defendants was permitted to withdraw. The Court memorialized its orders in the Order.

1

2. Since the March 26, 2019 proceeding, Defendant Good has been proceeding *pro se*.

3. In the Order, the Court set forth specific pretrial and trial procedures and directed the parties to be prepared to proceed to a bench trial on June 4, 2019. Order at 2. The Court directed the parties to prepare and submit a number of Pretrial Submissions. Order at 2-5.

4. The Pretrial Submissions are to include, *inter alia*:

    a. A jointly drafted proposed pretrial order, which shall contain "stipulations as to all issues of law or fact to which the parties can agree for purposes of streamlining trial";
    b. A list of exhibits, including stipulations or objections to the exhibits;
    c. Designations of pleadings;
    d. A list of witnesses;
    e. A joint Exhibit Notebook; and
    f. Proposed Findings of Fact and Conclusions of Law.

Order at 2-5.

5. As early as March 29, 2019,[1] Plaintiffs' counsel served on Defendant Good via U.S. Mail a *Motion to Reset Deadlines*, an accompanying proposed order, and a draft pretrial order that contained Plaintiff's proposed stipulations of fact and law. The letter requested notification if Defendant Good had retained counsel and explained that Plaintiffs needed a response to the proposed stipulations. A copy of this letter is attached as Exhibit A.

6. On April 4, 2019, Plaintiffs' counsel wrote Defendant Good, serving on him a copy of Plaintiffs' Motion to Take *De Bene Esse* Deposition of Dr. Priya Pillai. A copy of this letter is attached as Exhibit B. Defendant Good did not respond to this correspondence.

7. On April 5, 2019, Plaintiffs' counsel wrote Defendant Good, serving on him a copy of the Court's Order granting Plaintiffs' Motion to Take *De Bene Esse* Deposition of Dr.

---

[1] Indeed, Plaintiffs first sent their proposed stipulations to Defendants' former counsel on March 14, 2019.

Priya Pillai and a copy of a trial subpoena for Dr. Pillai. A copy of this letter is attached as Exhibit C. Defendant Good did not respond to this correspondence.

8. On April 12, 2019, Plaintiffs' counsel wrote Defendant Good, serving upon him notices of *de bene esse* depositions of Judy Funk and Bernadette Silvestri. A copy of this letter is attached as Exhibit D. Defendant Good did not respond to this correspondence.

9. On April 29, 2019, Plaintiffs' counsel wrote Defendant Good, providing him additional information about the upcoming depositions. A copy of this letter is attached as Exhibit E. Defendant Good did not respond to this correspondence.

10. On May 3, 2019, Plaintiffs' counsel wrote Defendant Good, serving upon him a bill of costs in this case, as ordered by the Court. A copy of this letter is attached as Exhibit F. Defendant Good did not respond to this correspondence.

11. On May 3, 2019, Plaintiffs' counsel emailed Defendant Good to learn if he had obtained counsel and if he had reviewed and would respond to the draft stipulations of fact and law that Plaintiffs' counsel previously sent in preparation for the trial. Defendant Good did not respond to this email, a copy of which is attached as Exhibit G.

12. On May 8, 2019, Plaintiffs' counsel wrote Defendant Good, providing a supplement to Plaintiffs' discovery documents. A copy of this letter (without attachments) is attached as Exhibit H. Defendant Good did not respond to this correspondence.

13. On May 14, 2019, Plaintiffs' counsel emailed Defendant Good and the other Defendants, providing a copy of the joint proposed pre-trial order and requesting any updates or responses. A copy of this email chain is attached as Exhibit I. Defendant Good did not respond to this correspondence.

3

Case 3:17-cv-00643-FDW-DCK   Document 114   Filed 05/31/19   Page 3 of 7

14. On May 17, 2019, Plaintiffs' counsel emailed Defendant Good and the other Defendants twice, inquiring again as to the joint proposed pre-trial order and requesting responses. A copy of this email chain is attached as Exhibit I. Defendant Good did not respond to this correspondence.

15. On May 20, 2019, Plaintiffs' counsel emailed Defendant Good and the other Defendants, again trying to receive comments on the joint proposed pre-trial order for the Court. A copy of this email chain is attached as Exhibit J. Defendant Good did not respond to this correspondence.

16. On May 21, 2019, Plaintiffs' counsel emailed Defendant Good twice, seeking to finalize the joint pre-trial order, which had to be filed that day. A copy of this email chain is attached as Exhibit K. Defendant Good did not respond to this correspondence.

17. On May 21, 2019, Plaintiffs' counsel emailed Defendant Good in a separate email thread, again in relation to the joint pre-trial order that had to be filed with the Court per the Court's Order. Defendant Good did not respond to these emails, a copy of which (without attachments) is attached as Exhibit L.

18. To date, Defendant Good, proceeding *pro se*, has not responded to any of the 14 correspondences, via letter and email, from Plaintiff's counsel, nor has he otherwise engaged in any of the pretrial and trial procedures detailed in the Court's Order.

19. Defendant Good has not responded to Plaintiff's proposed stipulations, nor to the joint stipulations of fact and law agreed to by all other parties (Plaintiffs and all other Defendants except Defendant Good). Defendant Good has offered no basis for disputing Plaintiff's original proposed stipulations or the joint stipulations of all parties (except Defendant Good).

20. The Order states that "[i]f a party fails to stipulate to a fact (*e.g.* the authenticity of a document) without articulating a good faith basis for disputing it, the Court shall assess against the party … costs … incurred in proving the fact at trial." Order at 2-3.

21. Plaintiffs do not believe Defendant Good has any good faith basis to dispute their proposed stipulations—stipulations that the remaining Defendants have agreed to through counsel—and the stipulations would greatly streamline the issues that would be presented at trial saving both judicial time and resources.

22. Additional portions of the Pretrial Submissions that may be incomplete without Defendant Good's participation include the exhibit list, witness list, and Exhibit Notebook.

23. On May 24, 2019, the Court issued its Show Cause Order, requiring that Defendant Good explain his failure to participate in the pre-trial process, as required by the Court's prior Order. As of the date of filing of this Motion, Defendant Good has also refused to respond to the Court's Show Cause Order.

24. Plaintiffs request that the Court impose appropriate sanctions, up to and including rendering a default judgment and striking Defendant Good's Answer, on Defendant Good for his ongoing failure to engage in trial preparation in compliance with the Court's Order, his failure to respond to communications from counsel since late March concerning pretrial and trial preparation, and his failure to respond to the Court's Show Cause Order.

25. Plaintiffs have communicated with counsel for Defendant Winn and Defendants SmartCore, LLC; SmartCore Electric, LLC; SmartCore Electrical Services, LLC; and SmartCore, LLC Group Health Benefit Plan, but they have not responded regarding their position on this Motion. Plaintiffs also communicated via email with Defendant Good regarding his position on this Motion, but he did not respond.

WHEREFORE, for the foregoing reasons, and as more fully explained in Plaintiffs' accompanying brief, Plaintiffs respectfully request that the Court impose appropriate sanctions on Defendant Good due to his failure to abide by this Court's April 3, 2019 Order and its May 24, 2019 Show Cause Order, including striking his Answer and entering a default judgment against him.

This the 31st day of May 2019.

Respectfully Submitted,

*/s/ Bryan L. Tyson*
*/s/ Rachel C. Matesic*
Bryan L. Tyson (N.C. Bar. No. 32182)
Rachel C. Matesic (N.C. Bar. No. 50156)
**MARCELLINO & TYSON, PLLC**
2820 Selwyn Ave, Suite 350
Charlotte, North Carolina 28209
Telephone: 704.919.1519
Fax: 980.219.7025
bryan@yourncattorney.com
rachel@yourncattorney.com
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

    I hereby certify that on May 31, 2019, I electronically filed the foregoing *Plaintiffs' Motion for Sanctions Against Steven Matthew Good* and served a copy via U.S. Mail first class and via email, on the following *pro se* Defendant:

  Steven Matthew Good
  11118 Barnyard Court
  Matthews, NC 28105
  smatthewgood@gmail.com

This the 31st day of May 2019.

                    Respectfully Submitted,

                    *s/Rachel C. Matesic*
                    Rachel C. Matesic
                    N.C. Bar No. 50156
                    Marcellino & Tyson, PLLC
                    2820 Selwyn Avenue, Suite 350
                    Charlotte, NC 28209
                    Telephone: 704.919.1519
                    Facsimile: 980.219.7025
                    rachel@yourncattorney.com

                    **Attorney for Plaintiffs**