IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-00643-FDW-DCK

| | |
|---|---|
| DENISE KINSINGER, <br> ERIC KINSINGER, <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN MATTHEW GOOD, <br> WILLIAM H WINN JR, <br> SMARTCORE, LLC GROUP HEALTH <br> BENEFIT PLAN, <br> SMARTCORE ELECTRICAL SERVICES, <br> LLC, <br> SMARTCORE ELECTRIC, LLC, <br> SMARTCORE, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) ORDER <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

THIS MATTER is before the Court on Plaintiffs' Motion for Sanctions against Defendant Steven Matthew Good. (Doc. No. 114). Given the nature of the motion and the pendency of the upcoming trial, immediate review is appropriate. For the reasons stated below, Plaintiffs' Motion is GRANTED IN PART and DENIED IN PART.

**Background**

On May 22, 2019, parties informed the Court through a joint filing that Defendant Good was not participating in the drafting of joint pretrial submissions. (Doc. No. 109, p. 1). The Court subsequently issued a Show Cause Order to Defendant Good to explain why he was not complying with the Court's orders to prepare joint pretrial filings and to file an explanation with the Court within five days. (Doc. No. 111). This order was mailed to Defendant Good's address of record.

Id. at 2. Defendant Good failed to file any explanation within the deadline or contact the Court in any way to explain his behavior. Plaintiffs now file the present motion for sanctions, asking the Court for a variety of remedies, including striking Defendant Good's Answer and entering a default judgment against Defendant Good.

**Legal Standard**

Rule 16(f)(1) of the Federal Rules of Civil Procedure allows the Court to issue sanctions against any party who "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). This Rule allows the Court to issue "any just orders", and incorporates, by reference, many of the sanctions for failure to obey a discovery order. Fed. R. Civ. P. 16(f)(2); Fed. R. Civ. P. 37(b)(2)(A)(ii-vii). The Fourth Circuit has identified four factors for district courts to consider when determining appropriate sanctions under Rule 37(b): 1) whether the noncomplying party acted in bad faith; 2) the amount of prejudice his noncompliance caused his adversary; 3) the need for deterrence of the particular sort of noncompliance; and 4) the effectiveness of less drastic sanctions. Young Again Prods., Inc. v. Acord, 459 Fed. App'x 294, 301 (4th Cir. 2011).

**Analysis**

In the present case, all parties, other than Defendant Good, have stipulated to a wide variety of uncontested facts in a strong effort to streamline trial. (Doc. No. 109). However, Defendant Good, because of his bad faith nonparticipation in pretrial filings, remains unbound by all of these stipulations. Defendant Good's noncompliance causes significant prejudice to Plaintiffs, as they are now faced with the possibility of having to prepare for two significantly different trials depending on whether Defendant Good appears at the trial that is scheduled for early next week and whether Defendant Good will contest the numerous facts that his co-Defendants have already stipulated to.

Based on parties' numerous attempts to contact Defendant Good, (see generally Doc. No. 114 and attached exhibits), and Defendant Good's complete failure to respond to the Court's Show Cause Order, the Court probably could, in its discretion, enter default judgment against Defendant Good pursuant to Rule 37(b)(vi). However, the Court feels that a less drastic sanction would be to deem the joint stipulations contained within the other parties' joint submissions, (Doc. No. 109, pp. 2–8), as established for the purposes of this action. See Fed. R. Civ. P. 37(b)(2)(A)(i); see also Anderson v. Found. for Advancement, Educ. And Emp't, 155 F.3d 500, 505 (4th Cir. 1998) (stating that default judgment is a "last-resort sanction"). The Court notes that given the scope and breadth of parties' joint stipulations, this is a significant sanction against Defendant Good, as it significantly narrows his ability to challenge certain issues pertaining to claims against him. This intermediate sanction will also largely help mitigate the prejudice Plaintiffs' face in having to prepare for two markedly different trials based on Defendant Good's presence or absence from the proceedings.

Plaintiffs' other requests for other remedies, including costs and attorneys fees, are hereby DENIED WITHOUT PREJUDICE in the interests of a speedy resolution of this matter. Plaintiffs' may renew any such requests by motion at a later time.

## Conclusion

For the reasons stated above, Plaintiffs' Motion for Sanctions against Defendant Good is GRANTED IN PART and DENIED IN PART. (Doc. No. 114). The stipulations of fact contained in parties' "Joint Proposed Pre-Trial Order," (Doc. No. 109, pp. 2–8), are hereby deemed as established for the purposes of this action pursuant to Rule 37(b)(2)(A)(i), and it will not be necessary for parties to present evidence as to those facts at the upcoming bench trial. **Defendant Good is hereby issued final warning that the Court will find him in default and may enter**

**judgment against him if he does not make an appearance at the bench trial scheduled for June 4, 2019.** The Clerk of Court is respectfully directed to mail a copy of this order to Defendant Good at his address of record.

    IT IS SO ORDERED.

Signed: May 31, 2019

Frank D. Whitney
Chief United States District Judge