UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00643-FDW-DCK

| | | |
|---|---|---|
| ERIC KINSINGER and DENISE KINSINGER, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | ORDER |
| SMARTCORE, LLC; SMARTCORE ELECTRIC, LLC; SMARTCORE ELECTRICAL SERVICES; SMARTCORE, LLC GROUP HEALTH, BENEFIT PLAN; STEVEN MATTHEW GOOD and WILLIAM H. WINN JR., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

THIS MATTER is before the Court on Plaintiffs' Motion for Attorney Fees, (Doc. No. 106), which the Court previously ordered as sanctions against Defendants Good and Winn for misconduct. (Doc. No. 101). Defendants Good and Winn, appearing before the Court on March 26, 2019, consented to the imposition of sanctions for their role in delaying the adjudication of the case and causing the postponing of a scheduled bench trial. Plaintiffs subsequently filed the present motion for attorney's fees, seeking an award of $15,474.

The Supreme Court has stated that a "sanction, when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature." Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1186 (2017). "In other words, the fee award may go no further than to redress the wronged party 'for losses sustained'; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." Id. Since the Court has awarded Plaintiffs their entire

reasonable attorney's fees and costs for pursuing this action, the previously requested sanctions are duplicative.

Therefore, Plaintiffs' Motion for Attorney's Fees as Sanctions (Doc. No. 106), is hereby DENIED WITHOUT PREJUDICE. Plaintiffs should include requests for the fees in this motion, including the fees associated with filing this motion, in its forthcoming comprehensive motion for fees and costs to the Court.

IT IS SO ORDERED.

Signed: August 26, 2019

Frank D. Whitney
Chief United States District Judge