UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:17-CV-00643-FDW-DCK

| | |
|---|---|
| ERIC KINSINGER<br>DENISE KINSINGER,<br><br>**Plaintiffs,**<br><br>v.<br><br>WILLIAM H WINN JR<br>STEVEN MATTHEW GOOD<br>STAR MARKETING AND<br>ADMINISTRATION, INC.<br>TRUSTMARK LIFE INSURANCE<br>COMPANY<br>TRUSTMARK INSURANCE<br>COMPANY<br>SMARTCORE, LLC GROUP<br>HEALTH BENEFIT PLAN<br>SMARTCORE ELECTRICAL<br>SERVICES, LLC<br>SMARTCORE ELECTRIC, LLC<br>JARED CRAFTON CROOK<br>SMARTCORE, LLC,<br><br>**Defendants.** | **ORDER** |

THIS MATTER is before the Court on Defendant Winn and non-party Movants Misty Winn and W.F. Winn's Motion for Hearing and Motion in the Cause.[1] (Doc. No. 180). In their motion, Defendant Winn and non-party Movants argue funds seized by U.S. Marshalls to satisfy a judgment were improperly seized because the judgment was not registered in North Carolina and/or because the funds were not subject to the judgment. Id. at pp. 3-4. The Court finds the issues presented in the Motion are sufficiently briefed such that a hearing is unnecessary; accordingly,

---

[1] Although Misty Winn and W.F. Winn are non-party Movants, the Court refers primarily to Defendant Winn as the movant throughout this Order for ease of understanding and judicial efficiency.

1

Defendant Winn and non-party Movants' request for a hearing is denied. For the reasons stated below, Defendant Winn and non-party Movants' Motion, (Doc. No. 180), is GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND[2]**

Defendant Winn filed the presently pending motion in reference to a judgment entered against him in this matter. (Doc. No. 180, p. 1). In March of this year, a hearing was conducted to determine which portions of Defendant Winn's property were exempt from the judgment. See (Doc. No. 172). After the hearing, a Consent Order was filed designating the exempt property, and a Writ of Execution against Defendant Winn was issued by the Clerk of Court on April 26, 2021. (Doc. Nos. 177, 178).

Three months after the issuance of the Writ of Execution, Defendant Winn filed the pending Motion, arguing that the U.S. Marshall service has improperly seized and continues to improperly seize property from a checking account jointly owned by Defendant Winn and his wife, Misty Winn ("Mrs. Winn"). (Doc. No. 180, pp. 2-3). Defendant Winn contends U.S. Marshalls have improperly seized at least $24,966.60, and the seizure has caused Defendant Winn to incur $525 in fees. Id. at p. 7.

Defendant Winn seeks a Court order directing the U.S. Marshall service and/or Plaintiffs to return the improperly seized property and enjoining the seizure of further funds not subject to the judgment. Id. at p. 8. Plaintiffs oppose Defendant Winn's motion. (Doc. No. 182).

**II. DISCUSSION**

Defendant Winn contends his property has been improperly seized for three reasons: first, because the judgment was not "registered, recorded, docketed, and indexed in North Carolina;"

---

[2] Due to the complex history of this matter, the short background set forth herein reflects only those facts relevant to the instant motion.

second, because at least some of the property seized belonged to Mrs. Winn and/or is his minor child, W.F. Winn; and third, because funds seized were not available for attachment or levy under N.C. GEN. STAT. § 1-362. (Doc. No. 180, pp. 4-7). The Court will address each argument in turn.

Defendant Winn first argues his property was improperly seized because the federal judgment was not properly registered in North Carolina pursuant to 28 U.S.C. § 1962 and N.C. GEN. STAT. § 1-237.[3] (Doc. No. 180, p. 4).

28 U.S.C. § 1962 provides:

> Every judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State, and shall cease to be a lien in the same manner and time. This section does not apply to judgments entered in favor of the United States. Whenever the law of any State requires a judgment of a State court to be registered, recorded, docketed or indexed, or any other act to be done, in a particular manner, or in a certain office or county or parish before such lien attaches, such requirements shall apply only if the law of such State authorizes the judgment of a court of the United States to be registered, recorded, docketed, indexed or otherwise conformed to rules and requirements relating to judgments of the courts of the State.

Thus, judgments obtained in federal district court are only required to be registered, recorded, docketed, and indexed in North Carolina if North Carolina law requires it.

N.C. GEN. STAT. § 1-237 is the relevant statute addressing the issue of judgments obtained in federal courts. In North Carolina, and relevant to this Order,

> Judgments and decrees rendered in the district courts of the United States within this State *may* be docketed on the judgment dockets of the superior courts in the several counties of this State for the purpose of creating liens upon property in the county where docketed; and when a judgment or decree is registered, recorded, docketed and indexed in a county in like manner as is required of judgments and decrees of the courts of this State, it shall become a lien and shall have all the rights, force and effect of a judgment or decree of the superior court of said county . . ..

N.C. GEN. STAT. § 1-237 (emphasis added).

---

[3] Defendant also cites In re Snavely, 314 B.R. 808 (B.A.P. 9th Cir. 2004) in support of his argument, which the Court summarily disregards as unpersuasive.

3

By the plain language of the statute, North Carolina does not *require* judgments obtained in federal court to be registered in North Carolina. The statute simply provides that *if* a federal judgment is registered in North Carolina state court, such federal judgment will have the same force and effect as if the judgment were issued by the state court itself. See § 1-237; S&D Land Clearing v. D'Elegance Mgmt. Ltd., Inc., 34 F. App'x 885, 894 (4th Cir. 2002) ("[I]t is clear that [N.C. GEN. STAT.] § 1-237 and related provisions apply when enforcement of a federal judgment is sought *in state court*." (emphasis in original)); see also Red Barn Farms, LLC v. Gen. Elec. Cap. Corp., No. 1:09-cv-747, 2011 WL 883002, at *3 (M.D.N.C. Mar. 8, 2011) ("[T]he judgment, having been docketing in North Carolina state courts, now has the same force and effect as if those courts had entered the judgment themselves.").

Here, Defendant Winn makes no argument that the federal judgment issued by this Court is sought to be enforced in state court. Accordingly, Defendant Winn's first argument fails.

Defendant Winn next argues at least some of the funds seized were not subject to the judgment because some of the property seized belonged either to his wife, Mrs. Winn, or his Minor Child, and their property is not subject to the judgment. (Doc. No. 180, pp. 4-5).

Of the largely unpersuasive legal authority cited by Defendant, Jimenez v. Brown, 509 S.E.2d 241 (N.C. Ct. App. 1998) has held "that joint accounts are attachable to the extent of a debtor's contribution to the account." Id. at 246. However, in so holding, the Jimenez court nonetheless acknowledged that "most courts . . . hold that there is a presumption that all of the joint bank account is owned by the debtor and that the depositors have the burden to prove that ownership of the funds is otherwise." Id. (citation and quotation omitted). Thus, according to Jimenez, funds in the joint accounts are subject to the judgment only to the extent the funds were contributed by Defendant Winn himself. Funds shown to be contributed by Mrs. Winn or their minor child are not subject to the judgment.

4

Defendant Winn and non-party Movants have shown that only $1,749.91 of the funds seized were contributed by someone other than Defendant Winn. First, the bank statement reflecting deposits and withdrawals for Defendant Winn and Mrs. Winn's joint account reflects only two contributions made by Mrs. Winn—one on May 21, 2021 in the amount of $850.98 and the other on June 4, 2021 in the amount of $898.93. (Doc. No. 180-1, p. 2). Both deposits appear to be Charlotte Mecklenburg payroll payments. Id. All other deposits appear to reflect contributions by Defendant Winn, and Defendant Winn does not argue otherwise Id. Second, the bank statement reflecting deposits and withdrawals for the account jointly held by Defendant Winn and his minor child does not reflect *any* contributions or deposits, let alone contributions to the account made by someone other than Defendant Winn. (Doc. No. 180-2, p. 2). In sum, Defendant Winn and non-party Movants have shown that of the $24,966.60 seized, only $1,749.91 did not belong to Defendant Winn and was improperly seized as not subject to the judgment.

Finally, Defendant Winn argues any funds deposited into the account by his employer, Mongo DB, Inc. were improperly seized in violation of N.C. Gen. Stat. § 1-362. (Doc. No. 180, p. 7). Section 1-362 provides:

> The court or judge may order any property, whether subject or not to be sold under execution (except the homestead and personal property exemptions of the judgment debtor), in the hands of the judgment debtor or of any other person, or due to the judgment debtor, to be applied towards the satisfaction of the judgment; except that the earnings of the debtor for his personal services, at any time within 60 days next preceding the order, cannot be so applied when it appears, by the debtor's affidavit or otherwise, that these earnings are necessary for the use of a family supported wholly or partly by his labor.

The statute "exempt[s] from garnishment the wages of a defendant earned in sixty days next preceding the order where it appears, by the debtor's affidavit or otherwise, that those earnings are necessary for the use of a family supported wholly or partly by his labor." Sturgill v. Sturgill, 272 S.E.2d 423, 428 (N.C. Ct. App. 1980) (citation omitted). However, "bare allegation[s] by

5

defendant that his income is necessary to support his . . . family [are] insufficient to support his claim for the exemption [under § 1-362]." Id.

Here, Defendant Winn has not provided any affidavits or other documentation necessary beyond a bare allegation that would allow this Court to determine whether Defendant Winn may claim the § 1-362 exemption. Indeed, Defendant Winn has not even established that deposits made into his joint account by Mongo DB were wages paid to Defendant Winn for his personal services as opposed to some other kind of deposit. Defendant Winn's final argument is accordingly not persuasive to this Court, and the Court declines to hold that the funds reflected as deposits by Mongo DB were improperly seized.[4]

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Winn's Motion in the Cause, (Doc. No. 180), is GRANTED IN PART and DENIED IN PART.[5] The Court hereby ORDERS the return of $1,749.91 to non-party Movant Mrs. Winn, as such funds not subject to the judgment. The Court further ORDERS that future funds contributed to joint accounts by Mrs. Winn are not subject to seizure to satisfy Defendant Winn's judgment creditors.

IT IS SO ORDERED.

Signed: August 16, 2021

Frank D. Whitney
United States District Judge

---

[4] The Court is also not convinced that any deposits made by Mongo DB between May and June 2021 fall into the 60-day timeline outlined by the statute. The plain language of the statute suggests that the exemption applies to wages earned in the 60 days *prior* to the relevant court order, and the funds disputed here were seized *after* the Court's prior judgment order and Writ of Execution. See N.C. GEN. STAT. § 1-362; cf. In re Maloney, No. 16-00847-5-JNC, 2-17 WL 836571, at *3 (Bankr. E.D.N.C. Mar. 2, 2017) (explaining that § 1-362 applies to wages earned in the 60 days *prior* to filing a bankruptcy petition).

[5] Notwithstanding Defendant Winn's partial success in this matter, the Court notes Defendant's Motion is the latest in a series of attempts to protract this litigation, which has been ongoing since 2017. The Court cautions Defendant Winn and his attorneys that the Court may impose sanctions on counsel if further dilatory tactics are undertaken.